[No. 5162.   Decided April 3, 1905.]

MINNIE J. LEMMAN, *Respondent*, v. CITY OF SPOKANE, *Appellant*.[1]

MUNICIPAL CORPORATIONS — STREETS — NEGLIGENCE — DEFECTIVE SIDEWALK—PLAINTIFF'S KNOWLEDGE—CONTRIBUTORY NEGLIGENCE— NONSUIT. In an action for personal injuries sustained by reason of tripping on a loose board in a sidewalk, a nonsuit, on the ground that plaintiff knew of the defective condition of the walk and was guilty of contributory negligence, is properly refused where it appears that, although she knew the walk was somewhat defective, she did not know it was out of repair at the place where the accident occurred, and that she was walking in the usual manner at an ordinary pace and paying ordinary attention to the walk.

SAME—DISPUTE AS TO KNOWLEDGE OF PLAINTIFF—ASSUMPTION OF SAFETY—INSTRUCTIONS. Where it is a disputed question as to whether the plaintiff knew of the unsafe condition of a sidewalk, it is not error to give instructions upon plaintiff's theory of the case that a pedestrian has a right to assume that a sidewalk is in a reasonably safe condition for travel, where instructions were also given on defendant's theory as to the care required of the plaintiff, and that the jury should take into consideration her knowledge of the condition of the walk.

SAME—DEGREE OF CARE REQUIRED OF CITY—INSTRUCTIONS—CUR-ING ERROR. In an action for personal injuries sustained through a defect in a sidewalk, it is not reversible error that in one place in its charge the court used the term "safe condition" instead of "reasonably safe condition" in referring to the duty of the city, where later on in a special instruction the court gave the correct rule as to the city's degree of care.

APPEAL—RECORD—REVIEW. Requested instructions not brought up as part of the record, cannot be considered on appeal.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered January 29, 1904, upon the verdict of a jury rendered in favor of the plaintiff in an action for personal injuries sustained through a defective sidewalk. Affirmed.

[1]Reported in 80 Pac. 280.

*John P. Judson* and *A. H. Kenyon,* for appellant.

*Franklin P. Speck* and *Harris Baldwin,* for respondent.

FULLERTON, J.—The respondent, while walking on a sidewalk in the city of Spokane with a companion, was tripped and thrown down by a loose board in the walk. She was injured by the fall, and brought this action against the city to recover damages therefor. At the trial in the court below a verdict was returned in her favor for $700, and judgment entered thereon. The city appeals.

It is first assigned that the court erred in refusing to grant the appellant's motion for a directed verdict in its favor, made at the close of the evidence. This motion was based on the contention that it conclusively appeared from the evidence that the appellant had knowledge of the defective and unsafe condition of the walk along which she was walking, and that she did not exercise that degree of care to avoid injury that a person is required to exercise while walking on a sidewalk known to him or her to be in a defective and unsafe condition. But we do not think the record bears out the contention that the evidence was conclusive on these points. It is true that the respondent testified that she had traveled over the walk a number of times prior to the time of the injury, and knew that it was somewhat defective, that it had loose boards in it, and that in places the boards were decayed, but she denies that she had ever noticed that the walk was out of repair at the place where she received the injury, or that she knew that it was anywhere unsafe or dangerous to travel upon. As to her conduct at the time of the injury, it appeared that she was walking in the usual manner, at an ordinary pace, and paying that attention to the walk that an ordinary person does who is not apprehensive of mishap or suspicious of danger. Under these circumstances, the question whether or not the respondent exercised that de-

gree of care while traveling upon the walk that she was required to exercise in the light of the knowledge she had of its condition, was for the jury, and the court very properly submitted the question to them.

The court instructed the jury to the effect that a person traveling upon a sidewalk has a right to assume that it is in a reasonably safe condition for travel, and act accordingly. It is complained of this that it was misleading and erroneous, in the light of the evidence, inasmuch as it appeared that the respondent did know of the condition of this walk. But here again we think the appellant assumes too much for its proofs. Whether the respondent knew, or ought to have known, of the unsafe and dangerous condition of the walk was a disputed question, and the court was bound to instruct on the theory of both the appellant and the respondent. On the part of the respondent, he gave instructions of which the one complained of forms a part, while on the other hand he told them that the respondent was bound to use reasonable care and diligence to avoid injury, and in determining whether she had used such care, they should take into consideration her knowledge of the condition of the walk, her manner of traveling upon it, and any other fact appearing from the evidence which would tend to show such care, or want of it; telling them in the same connection that a person traveling upon a sidewalk in a city must use the faculties nature had given him for his own protection, and that failure to do this was negligence, and a bar to the right to recover for an injury occurring for want of the use of such faculties. We think there was no error in the instruction complained of.

In one place in its charge to the jury the court used the term "safe condition," instead of "reasonably safe condition," when speaking of the condition in which the city was required to keep its sidewalks, and it is argued that

this fact requires a reversal of the judgment. But we think the jury were not misled by the court's use of this phrase. Later on, in a special instruction on the point, it gave them the correct rule as to the degree of care a city was bound to exercise over its sidewalks, and the jury must have understood that reasonable care was all that was meant by the phrase when first used.

The appellant complains that certain instructions requested by it were refused, but, as these were not "filed in the cause" and brought up as a part of the record, we are unable to consider them.

The judgment is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.