[No. 1924.  Decided December 30, 1895.]

ETHEL LORENCE, *a minor, by* JOSEPH LORENCE, *Guardian ad litem, Respondent,* v. THE CITY OF ELLENSBURGH, *Appellant.*

MUNICIPAL CORPORATIONS — NEGLIGENCE — DEFECTIVE STREETS — NOTICE — PERSONAL INJURIES — EXCESSIVE DAMAGES.

A city which has exclusive control of its streets with power to raise money to keep them in repair is bound to keep them in a reasonably safe condition for ordinary travel.

Whether the acts of a child eight years old, which if done by an adult would constitute contributory negligence, preclude recovery for a personal injury to her, depends upon the intelligence, capacity and judgment which she is shown by the evidence to possess, which capacity must be left to the determination of the jury under proper instructions.

The law imputes notice to a municipal corporation of a dangerous defect in a public street from its existence for such a length of time that the city authorities, by the exercise of ordinary vigilance, would have discovered it in time to prevent accident.

A verdict for $8,000 for injuries to a girl eight years old is not excessive, where it appears that in consequence thereof a portion of the femur had to be removed, causing a shortening of the right leg from four to six inches; that she was confined to her bed for a period of about eighteen months, during which time she suffered great pain; and that she is destined to suffer more or less pain through life.

Appeal from Superior Court, Kittitas County.— Hon. CARROLL B. GRAVES, Judge.    Affirmed.

*John B. Davidson,* for appellant.

*L. A. Vincent, Austin Mires,* and *Edward Pruyn,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This was an action brought by plaintiff in the superior court for Kittitas county, in this state,

to recover damages for a personal injury sustained from a fall on a defective sidewalk. The complaint alleges that the defendant wrongfully and negligently suffered and permitted the sidewalk on a street in said city, known as " Third street," to become and remain out of repair for several months prior to the date of the injury, which was the 20th of February, 1892. The alleged defect consisted of a V-shaped opening in the walk of about five inches in width, and about twenty-four inches in depth. The defendant city answered the complaint by denying generally and specifically all of the allegations contained in it, and upon the trial a verdict was rendered in favor of the plaintiff (respondent here) against the appellant (city) for the sum of $8,000; and from the judgment entered upon said verdict, and the order of the court denying appellant's motion for a new trial, this appeal is taken. The record is somewhat exceptional, in this: It is not contended that any error was committed by the trial court in admitting or rejecting testimony at the trial, or in charging or refusing to charge the jury concerning the law of the case, nor was any objection made either below or here as to the sufficiency of the pleadings.

1. The principal contention made in the brief of appellant in this case is that the city is not liable in actions for injuries received by reason of defective streets and sidewalks, and the first thirty-seven pages of said brief are devoted to the discussion of that proposition. After the preparation of the brief but prior to the hearing of the cause, this court passed upon a like question adversely to such contention, in the case of *Sutton v. Snohomish,* 11 Wash. 24 (39 Pac. 273), in which we held that "where a city has exclusive control of its streets with power to raise money

to keep them in repair, it is bound to keep them in a reasonably safe condition for ordinary travel."

2. It is next contended that the court below erred in denying appellant's motion for a non-suit, which motion was urged upon the ground that the evidence in behalf of the plaintiff showed her to have been guilty of contributory negligence. An examination of the record satisfies us that the non-suit was properly denied. It appears from the evidence that plaintiff, at the time of the injury, was a child of about eight years; that she lived with her parents at a place near where the accident occured; that during the forenoon of the day of the accident, while in company with an elder sister, on the way to Sabbath school, she ran into the opening in the walk already described, and suffered a severe fall. It appears that she had frequently traveled said sidewalk prior to the injury and subsequent to its becoming out of repair. She testified, however, that she did not know of its defective condition prior to the injury; and we think that, considering her tender years, negligence could not, as a matter of law, be imputed to her, but *prima facie* she would be incapable of exercising that care and caution which the law requires of an adult. Just what care and caution a child must exercise in order to be entitled to recover in this class of cases cannot be determined by any general rule, but must, in connection with the circumstances in each case, depend upon the intelligence, capacity, and judgment which he is shown by the evidence to possess, and his capacity must be left to the determination of the jury under proper instructions, which in this instance we are bound to presume were given. *Westbrook v. Railroad Co.*, 66 Miss. 560 (6 South. 321, 14 Am. St. Rep. 587); *Westerfield v. Levis*, 43 La. An. 63 (9 South. 52); *Schnur*

*v. Traction Co.*, 153 Pa. St. 29 (25 Atl. 650, 34 Am. St. Rep. 680); *Iron Co. v. Brawley*, 83 Ala. 371 (3 South. 555.)

3. Counsel insists that there is no proof showing that appellant had notice of the defective condition of the sidewalk. There was evidence tending to show that the walk had remained in the defective condition already described for three or four months preceding the time of the injury. Actual notice was not necessary; constructive notice is sufficient.

"If this dangerous hole . . . was in existence for such a length of time that the city authorities, by the exercise of ordinary vigilance, would have discovered it in time to prevent the accident, the city cannot escape liability for want of notice. Under such circumstances the law imputes notice. Failure to discover and remedy a dangerous defect in a public street within a reasonable time is itself negligence." *Sutton v. Snohomish, supra.*

4. Lastly, it is claimed that the verdict of the jury is excessive. From our examination of the evidence we feel that we would not be warranted in disturbing the verdict upon this ground. It appears that, in consequence of the injury sustained from the fall, the infant plaintiff was obliged to undergo a surgical operation, in which a portion of the femur was removed, causing a shortening of the right limb from four to six inches. That she was confined to her bed for a period of about eighteen months, during which time she suffered great pain; and that, as a necessary result of the injury, she is destined to suffer more or less pain through life. From all the evidence, we are unable to say that the damages were given under the influence of passion or prejudice; and, no error appearing in the record, the judgment is affirmed.

ANDERS, DUNBAR and SCOTT, JJ., concur.

HOYT, C. J., dissents.