[No. 6582.   Decided February 19, 1907.]

BERTHA AUSTIN, *Respondent*, v. THE CITY OF BELLINGHAM, *Appellant*.[1]

MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALKS—NOTICE OF DE-
FECT.   Notice by a city of a defect in a sidewalk is sufficiently shown
by direct testimony that the unsafe condition of the walk was
noticed by people traveling over it for two months before the acci-
dent, and that, several weeks before, the same defect nearly caused
an accident.

APPEAL—REVIEW—INSTRUCTIONS.   Error cannot be predicated on
the refusal to give requested instructions where the instructions
given were not excepted to, and fairly presented every question, in-
cluding the appellant's theory.

Appeal from a judgment of the superior court for What-
com county, Neterer, J., entered October 1, 1906, upon the
verdict of a jury rendered in favor of the plaintiff, after a
trial on the merits, in an action for personal injuries sus-
tained through a defective sidewalk.   Affirmed.

*Henry C. Beach*, for appellant.

*Kellogg & Neal*, for respondent.

DUNBAR, J.—This is an action to recover damages for
personal injuries alleged to have been inflicted by reason of
the negligent maintenance, by the appellant, of a sidewalk
in a dangerous condition.   The answer denied the existence
of the dangerous condition of the sidewalk, or that it was
negligently maintained by the appellant, or that it had any
knowledge of the existence of the alleged condition of the
sidewalk, if such condition existed, and alleged contributory
negligence on the part of the respondent.   On these issues the
cause went to trial, the respondent recovering judgment for
the sum of $637.50.   The allegations of error are the action
of the court in denying the appellant's motion for a non-

[1]Reported in 88 Pac. 834.

suit, and in refusing certain instructions offered by the appellant. While the answer denied the existence of the unsafe condition of the walk, it is conceded by the appellant that the testimony shows that the walk was unsafe and that the respondent was hurt by reason of such unsafe condition, but it is contended that the city had not had notice, actual or constructive, of the unsafe condition of the walk and was not, therefore, guilty of negligence in maintaining the walk in such unsafe condition.

An examination of the record on this question shows that there was very direct testimony showing the unsafe condition of the walk for about two months before the accident, by persons who had noticed it when traveling over it; one witness testifying that he came near getting hurt at the same place and by reason of the same defect in the walk several weeks before the accident. There was ample testimony on this subject to be submitted to the jury. The question of contributory negligence was also properly submitted to the jury. In regard to the alleged error of the court in refusing certain proffered instructions, an examination of the instructions given shows that they covered every question at issue, presenting fairly the theory of the defendant as well as that of the plaintiff, and were as favorable to the defendant as the law would permit. These instructions were not excepted to, and it was not error for the court to refuse to give instructions where the instructions already given had, with just exactness, presented the issues to the jury.

Finding no error in any respect the judgment is affirmed.

HADLEY, C. J., MOUNT, RUDKIN, FULLERTON, CROW, and ROOT, JJ., concur.