[No. 7706.  Decided February 6, 1909.]

GEORGE APKER *et al.*, *Respondents*, v. THE CITY OF HOQUIAM, *Appellant*.[1]

APPEAL—RECORD—RULINGS ON PLEADINGS. The supreme court will not review error on a motion to make the complaint more definite and certain, where the record fails to show that the motion was acted upon.

HUSBAND AND WIFE—ACTION FOR PERSONAL INJURIES—PARTIES—JOINDER OF WIFE. Bal. Code, § 4827, authorizes an action by husband and wife to recover for personal injuries sustained by the husband.

MUNICIPAL CORPORATIONS—TORTS—STREETS — OBSTRUCTIONS — NOTICE OF CITY—PLEADING—SUFFICIENCY. A complaint alleging the existence of obstructions in a street and that the street was dark at night, "of all of which defendant had actual knowledge", refers both to the obstructions and darkness and sufficiently alleges notice on the part of the city.

SAME—CONSTRUCTIVE NOTICE. The obstruction of a main street in a city by piles of gravel, for thirty days, imputes notice of its existence to the city.

APPEAL—REVIEW—HARMLESS ERROR—IRRELEVANT TESTIMONY. In an action for personal injuries to a traveler by team, through a defect in a street, it is error without prejudice that evidence was admitted of injuries received by the other occupants of the carriage, where the court cautioned the jury that it was admitted as a part of what occurred at the time and must not be considered in connection with plaintiff's injuries.

[1]Reported in 99 Pac. 746.

MUNICIPAL CORPORATIONS — TORTS—STREETS—OBSTRUCTIONS—NOTICE—EVIDENCE. In an action for injuries sustained through the obstruction of a street by piles of gravel for thirty days, it is immaterial that gravel deposited was removed from time to time and other gravel deposited in its place, and evidence thereof is properly excluded.

SAME—DEFENSES—PLAINTIFF'S NOTICE OF OBSTRUCTIONS. Contributory negligence is a question for the jury, where it appears that the plaintiff was injured by driving at night upon piles of gravel obstructing a street, and that he drove along the street the same morning and saw or should have seen the obstructions at that time.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered June 1, 1908, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries to a traveler by team, caused by a defect in a street. Affirmed.

*J. B. Bridges* and *S. M. Heath,* for appellant.

*W. H. Abel,* for respondents.

RUDKIN, C. J.—On the evening of September 8, 1907, the plaintiff George Apker, accompanied by his wife, daughter, and niece, drove his team along one of the public streets of the city of Hoquiam. By reason of the darkness of the night the team was driven into a pile of gravel or building material in the street. The horses stumbled, a singletree broke, the neck-yoke became detached from the pole, the horses became unmanageable and dashed across the street, striking a telephone pole on the opposite side and throwing the occupants of the carriage into the street, causing personal injuries to the plaintiff George Apker, for which a recovery was sought in this action. From a judgment in favor of the plaintiffs, the present appeal is prosecuted.

While numerous errors are assigned in the appellant's brief, the only assignments discussed are the following: (1) Error in overruling a motion to make the complaint more definite and certain; (2) error in overruling a demurrer to the complaint; (3) error in admitting testimony as to injuries to

the occupants of the carriage, other than the respondent George Apker; (4) error in refusing to permit the appellant to show by cross-examination that the gravel placed in the street the week previous to the accident had been removed prior to the accident; and (5) error in denying a motion for nonsuit on the ground that the respondent George Apker assumed the risk, if any.

(1) The record fails to show that the motion to make the complaint more definite and certain was called to the attention of the lower court or was acted upon by that court, and there is, therefore, no ruling before us to review.

(2) In support of its demurrer, the appellant contends that the complaint fails to state a cause of action in favor of the respondent Ida Apker, wife of the respondent George Apker, and that the complaint fails to state a cause of action in favor of either respondent because it fails to allege that the appellant had notice or knowledge of the obstruction in the street prior to the accident. In answer to the first contention, it is sufficient to say that Bal. Code, § 4827 (P. C. § 255), provides that "Husband and wife may join in all causes of action arising from injuries to the person or character of either or both of them, or from injuries to the property of either or both of them, or arising out of any contract in favor of either or both of them."

The third paragraph of the complaint is as follows:

"That for some years past and at this time the city of Hoquiam has maintained a public street known as 'I' street, extending in part from 8th street to 7th street, the same being at all said times one of the main public thoroughfares in said city of Hoquiam; that on September 8, 1907, and for a considerable period of time to wit, 30 days prior thereto, said 'I' street between 8th and 7th streets, was in a dangerous, obstructed and defective condition, in this, that piles of material, principally gravel, had been placed between 8th and 7th streets within the limits of said 'I' street, a distance of about 100 feet about midway between said 8th and 7th streets, said piles of gravel consisting of several wagon loads

thereof; that said street in said condition was unsafe, dangerous, defective and obstructed; that at night said street was not lighted but remained dark so that persons traveling over said street, using due and ordinary care, would be liable to run into said obstructions and piles of gravel and receive injuries thereby; that said street had remained in said condition for a considerable period of time, during the whole of which time it was dark at night and unlighted, of all of which defendant had actual knowledge and due notice."

The closing words of this paragraph; viz., "of all of which defendant had actual knowledge and due notice," manifestly refer to both the obstruction in the street and the absence of light. Furthermore, the obstruction existed for such a length of time that the law will impute notice of its existence to the city. The demurrer was properly overruled.

(3) We are at a loss to know upon what theory the court admitted testimony tending to show the nature and extent of the injuries to the occupants of the carriage, other than the respondent George Apker. Such testimony had not the remotest tendency to prove negligence on the part of the appellant, want of negligence on the part of the respondents, or the nature or extent of the injury to the respondents. But while we are of opinion that this testimony was clearly incompetent and irrelevant, the court warned the jury that it was admitted simply as a part of what occurred at the time of the accident, and that they should not consider it in relation to or in connection with any injuries suffered by the respondent George Apker. When the jury were thus cautioned, we fail to see how the rights of the appellant could be in any manner affected or prejudiced by the error complained of.

(4) It appears from the testimony that the appellant granted permission to an abutting property owner on the street to obstruct or occupy portions of the street, by placing gravel and building material therein, and that the material thus placed was removed from time to time and other material placed in its stead. It would seem utterly immaterial, so far

as the rights of the parties before the court are concerned, whether the load of gravel which caused the injuries remained in the street for two weeks, or whether the load was removed each day and another substituted in its place. The negligence on the part of the appellant would be the same and the injury to the respondents the same in either case, and there was, therefore, no error in the ruling complained of.

(5) The principal argument urged in support of the motion for nonsuit is based upon the fact that the respondents passed along the same street on the morning of the day of the accident, and saw or should have seen the obstruction therein. Conceding that the respondents passed along the street that morning, and saw or should have seen the obstruction complained of, nevertheless, the question of contributory negligence was one of fact and for the jury.

There is no error in the record and the judgment is affirmed.

FULLERTON, CHADWICK, MOUNT, DUNBAR, and CROW, JJ., concur.

GOSE, J., took no part.