[No. 12187. Department One. December 28, 1914.]

ELIZABETH KELLY, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR—REJECTION OF EVIDENCE. In an action for personal injuries from stepping into a small hole near the edge of a sidewalk, it is harmless error to reject a photograph of the hole, where it simply showed a small shadow near the place where all the witnesses located the hole; since the photograph did not contradict any of the witnesses on any material fact, and being of no material aid, did not affect any substantial rights, within Rem. & Bal. Code, § 307, requiring such errors to be disregarded.

EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY. The practice of admitting photographs and models is to be encouraged as an aid to the comprehension of physical facts.

MUNICIPAL CORPORATIONS — STREETS — INJURIES — DEFECTIVE SIDEWALKS—CONTRIBUTORY NEGLIGENCE. A person approaching a railroad crossing intent on that danger and the danger from the sweep of a crossing guard, is not, as a matter of law, guilty of contributory negligence in stepping into a hole at the edge of the sidewalk, about 10 or 12 inches square, as she had a right to assume that the city had performed its duty as to any part of the walk.

[1]Reported in 145 Pac. 57.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered January 9, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by reason of a defective sidewalk. Affirmed.

*H. M. Stephens, Wm. E. Richardson, Ernest E. Sargeant,* and *Dale D. Drain,* for appellant.

*Scott & Campbell,* for respondent.

Gose, J.—This action was brought to recover compensation for personal injuries sustained by the plaintiff. She claims that she stepped into a hole in a sidewalk, in one of the business streets of the defendant city, causing her to fall in such a manner as to inflict upon her serious bodily injuries. The jury accepted her view of the case, and its verdict was made effective by a judgment. This appeal followed.

The material facts fall within a very narrow compass. The respondent said that she was traveling north, on the west side of Post street, a business street in the city of Spokane, in the daytime; that, in crossing the track of the Northern Pacific Railway Company, she kept close to the west margin of the street in order to avoid the sweep of a crossing guard which she feared might be suddenly lowered; that, at a point a few feet north of the crossing and a few inches from the inside of the walk, she stepped into a hole in the brick walk, about ten inches by twelve inches in dimensions, and fell and was seriously injured. She said she was seeking to avoid two elements of danger, viz., the sweep of the crossing guard, in event it should be suddenly let down, and passing engines, and that, with her attention momentarily diverted by these thoughts, she stepped into the hole without observing its presence. She also said that the hole extended to within two or three inches of the building, and that, whilst she had before traveled the walk, she had not observed the hole. Another witness said that the hole had been there for a considerable

period of time before the plaintiff met her injury. All the witnesses agree that the hole was about ten inches by twelve inches in dimensions, and that it extended to within a few inches of the building. The walk was made of bricks five inches in width, ten inches in length, and two and one-half inches in thickness. There was a hiatus in the walk of prob-. ably two bricks. The evidence does not show whether the bricks were left out in the beginning or were later removed. The significant fact is that, under all the evidence, the gap was there.

At the close of the respondent's evidence, the appellant challenged its sufficiency. The challenge being denied, it then sought to introduce a photograph in evidence. This was rejected; whereupon defendant again challenged the sufficiency of the evidence and rested its case.

The errors claimed are, (1) the rejection of the photograph; and (2) the denial of the challenge to the sufficiency of the respondent's evidence.

The photograph was rejected because the court was evidently of the opinion that it had not been sufficiently identified; that is, because it was not shown to correctly photograph the hole with respect to its proximity to the adjacent building. The respondent's witnesses, on cross-examination, said that, while it did not seem in some respects to correspond with their recollection of the location of the hole, it was substantially correct. Assuming that the photograph was sufficiently identified, and that the refusal of the court to admit it in evidence was error, we think it was error without prejudice. The photograph merely shows a small shadow near the inside of the walk practically where all the witnesses located the hole. It does not show that there was no hole into which the respondent could have stepped. The location and dimensions of the hole were testified to by three witnesses, besides the respondent. They were all in substantial harmony with each other and with the respondent upon both points. If the photograph contradicted any wit-

ness upon any material fact, or if it would have materially aided the jury in arriving at its verdict, we would not hesitate to remand the case for a new trial. In our opinion it does neither. We are admonished by the statute to disregard an error which does not affect the substantial rights of the complaining party. Rem. & Bal. Code, § 307 (P. C. 81 § 303). *Winston v. Terrace,* 78 Wash. 146, 138 Pac. 673.

We deem it pertinent, however, to say that the practice of admitting photographs and models in evidence in all proper cases should be encouraged. Such evidence usually clarifies some issue and gives the jury and the court a clearer comprehension of the physical facts than can be obtained from the testimony of witnesses.

The second point urged is that the respondent was guilty of contributory negligence, which was the proximate cause of the injury. It is the duty of a city to use reasonable care to maintain its streets and sidewalks in reasonably safe condition for travel. The traveler who has no knowledge to the contrary may proceed upon the assumption that the city has fulfilled its duty. Momentary distraction of the attention of the pedestrian does not as a matter of law constitute contributory negligence. *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357.

It is argued that it was the duty of the respondent to keep near the center of the sidewalk, the course generally followed by the public. As a matter of law, she had a right to travel upon any part of the walk. The court would be taking a liberty not justified by law were it to hold that the law reserves any part of an unobstructed walk from use by the public. It was for the jury to say, upon all the facts, what a reasonably prudent person ought to have done under the circumstances present.

The judgment is affirmed.

CROW, C. J., CHADWICK, PARKER, and MORRIS, JJ., concur.