[No. 17768. Department One. February 24, 1923.]

J. T. CASEY et al., *Appellants*, v. BETTY G. EDWARDS et al., *Respondents*.[1]

HUSBAND AND WIFE (38, 42)—ACTIONS—PARTIES. The wife may join in her husband's action to set aside a fraudulent conveyance to defeat a judgment recovered by the husband alone, in view of Rem. Comp. Stat., § 182, providing that husband and wife may join in all actions arising out of contract in favor of either or both of them.

JUDGMENT (244)—LIEN—PROPERTY AFFECTED—EXECUTORY CON-TRACT FOR LAND. The interest of a judgment debtor under an execu-tory conditional sales contract for the purchase of land, may not be conveyed in fraud of creditors, since, though personal property, it is subject to the lien of the judgment.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 11, 1922, dismissing an action for equitable relief, tried to the court. Reversed.

*Poe, Falknor & Falknor* and *John T. Casey*, for appellants.

*Solon T. Williams*, for respondents.

MACKINTOSH, J.—The appellant husband secured a judgment against the defendant Betty Edwards on March 16, 1921. The complaint alleges that Mrs. Ed-wards and the respondent Easfeld, for the purpose of hindering, delaying and preventing collection of the judgment, on March 31, 1921, placed on record a quit-claim deed, purporting to have been dated on March 1, 1921, whereby Mrs. Edwards quitclaimed to Easfeld all of her right, title and interest in and to a certain lot in the city of Seattle; that, at the time of the mak-ing of the deed, Mrs. Edwards also fraudulently trans-

[1]Reported in 212 Pac. 1082.

.ferred all of her personal property to Easfeld, and that Easfeld had knowledge of the fraud; that an execution was issued upon the judgment, to which the sheriff made a return of "no property found"; the complaint praying that the conveyances be set aside as fraudulent and the property be subjected to sale for the satisfaction of the judgment.

The testimony showed that Mrs. Edwards had a conditional sale contract for the purchase of the lot in question, upon which she had paid the sum of fifteen hundred dollars, leaving a balance of about five hundred dollars yet due; that the contract was in good standing and all the payments have been made, and that, upon the completion of the payments according to the contract, she would be entitled to a deed to the property.

A reading of the testimony proves most satisfactorily that the conveyance was made for the purpose of preventing the collection of the Casey judgment. Objections to the proceedings have taken the following forms: first, it is urged that there was a misjoinder of parties plaintiff, for the reason that the original judgment was in favor of the appellant husband only. This objection is not available, however, for the reason that the statute, Rem. Comp. Stat., § 182, provides that "husband and wife may join in all causes of action . . . arising out of any contract in favor of either or both of them." *Apker v. Hoquiam,* 51 Wash. 567, 99 Pac. 746.

It is next urged that the action cannot be successfully maintained because the respondent Edwards had other property with which to satisfy the judgment. The testimony, however, does not bear out this contention, for Mrs. Edwards herself testifies that she had no other property.

The third contention, and the one most seriously argued, is that Mrs. Edwards had no interest in the property, which she was buying under contract, which would be subject to the lien of a judgment. It is true that in an executory contract for the purchase of real estate, the purchaser has, during the existence of the contract, no legal or equitable title to the property. *Schaefer v. Gregory Co.*, 112 Wash. 408, 192 Pac. 968. But this does not determine that the purchaser under such a contract has no property interest in the contract itself which is subject to execution. Such purchaser has an interest. Although it may not be an interest in the land itself, it is personal property and is liable for judgment against such purchaser, and if that property is conveyed in fraud of judgment creditors, and is in the hands of a purchaser who took it with knowledge of the fraud, the conveyance is subject to be set aside at the instance of the judgment creditor. That is the present situation, and the trial court was in error, under the facts in this case, in refusing the relief prayed for, and the judgment is therefore reversed, with directions to enter a judgment in favor of the appellants, setting aside the conveyances so that the property may be subject to appellants' execution.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.