[No. 27642. Department One. February 19, 1940.]

J. Y. KENNEDY, *Respondent,* v. THE CITY OF EVERETT, *Appellant.*[1]

[1] Reported in 99 P. (2d) 614.

*Dodd & Russell* and *Jesse H. Davis,* for appellant.

*S. J. Brooks* and *A. E. Dailey,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries as the result of stepping in a hole in a sidewalk in the business section of the city of Everett. The cause was tried to the court and a

jury, and resulted in a verdict of one thousand dollars. The defendant moved for a judgment notwithstanding the verdict and, in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was overruled. The motion for new trial was overruled, on condition that the plaintiff accept a judgment of $790, which he did, and the defendant appealed.

The accident happened October 25, 1938, shortly after twelve o'clock noon, on the sidewalk on the south side of Hewitt avenue, at the alley entrance between Oakes and Rockefeller avenues. The grade of the street through this block was 5.4% down toward the east.

About the first of October, a heating company broke the concrete at the outer edge of the sidewalk, at the alley entrance, for the purpose of repairing a steam pipe. This hole, made in the sidewalk and the approach thereto, was approximately two feet long and eighteen inches wide. The break extended over onto the sidewalk about eight inches, and for a length of about eighteen or twenty inches. After the steam pipe was repaired, the hole was filled with dirt and small gravel and packed down. Trucks passing through the alley would work this dirt out, and from time to time it had to be replaced in part. At the time of the accident, there was a drop on the upper side of the hole of about two inches, which levelled off until at the lower side or east, it was almost, if not entirely, level with the surface of the sidewalk.

At the time of the accident, the respondent was going west, or upgrade. As he approached the place where the hole was, he met two ladies, one of whom recognized him, and he acknowledged the recognition. As he did so, he stepped aside in order that they might pass, and, in doing so, stepped into the

hole, of which he had no previous knowledge. When he stepped into the hole, he fell and sustained an injury to his right foot and ankle for which the recovery was sought.

█ The first question is whether the evidence was sufficient to take the case to the jury on the question of the negligence of the appellant. It is, of course, not necessary to cite authorities in support of the proposition that, while a city must use all reasonable care in keeping its sidewalks reasonably safe for travel, it is not an insurer. A test which is sometimes applied as to whether a city has performed its duty, is whether a reasonably cautious man, having a duty to observe and repair the sidewalks, would or would not consider a defect as one where pedestrians might be injured. Each case must rest upon its own facts, and be determined accordingly. *Lewis v. Spokane,* 124 Wash. 684, 215 Pac. 36.

█ In this case, it appears to us that whether the appellant had used that degree of care which the law requires in permitting the hole to remain in the sidewalk, was a question of fact for the jury, and not a question of law for the court. *Wieber v. Everett,* 155 Wash. 167, 283 Pac. 1085; *Ager v. Tacoma,* 171 Wash. 73, 17 P. (2d) 601.

In the case of *Grass v. Seattle,* 100 Wash. 542, 171 Pac. 533, the defect in the sidewalk there under consideration was much less pronounced than was the defect in the present case. While it was there held that there was not a sufficient showing to justify submitting the question of negligence to the jury, that case is not controlling here.

Many cases are cited in the appellant's brief from other jurisdictions, but we deem it unnecessary to review these, because, as already pointed out, every case of this kind must depend largely upon its own par-

ticular facts, and the cases from other jurisdictions are somewhat inharmonious.

The next question is whether the respondent was guilty of contributory negligence. In the meeting of the two ladies, his attention was diverted for an instant, and this was when he stepped into the hole. A pedestrian on the sidewalk, who has no knowledge to the contrary, may proceed on the assumption that the city has performed its full duty. Momentary distraction of the attention of the pedestrian does not, as a matter of law, constitute contributory negligence. *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357; *Kelly v. Spokane,* 83 Wash. 55, 145 Pac. 57. We conclude that, under the rule just stated, the respondent was not guilty of contributory negligence as a matter of law.

The next question is whether there was error in the admission of certain evidence. A witness was called who testified that, sometime after the accident, while he was going down the street to the east, he caught his toe on the lower side of the hole, and, while he did not fall, he lost his balance for a few steps. This testimony was objected to unless it was connected up. At the conclusion of the taking of the evidence and after both parties had rested, the appellant moved that this testimony be stricken, on the ground that it was testimony as to the condition of the hole after the time of the accident. That objection had not been made when the testimony was presented. The trial court overruled the motion to strike, on the ground that the question had not been timely raised, and we are in accord with the ruling.

The next question is directed to what is called the appellant's requested instruction No. 6. That instruction contained a sentence to the effect that a person traveling on a sidewalk in a city must use the faculties which nature has given him for his own pro-

tection, and failure to do this is negligence. This part of the instruction was stricken, and the part remaining was given by the court. While the language in the instruction which the court struck would have been proper to give, it was not necessarily error to refuse to give it. The reason the trial judge declined to give it was because he thought that the other instructions were as favorable to the appellant as it was entitled to. While, technically, it probably was error to refuse it, nevertheless, we are of the view that it was not prejudicial.

Finally, it is contended by the appellant that the verdict of the jury, as reduced by the trial court, was excessive. But there is no statement of this question in the appellant's brief, and no error is assigned with reference to it. It thus appears that the appellant is not entitled to have the question of the amount of the judgment considered.

The judgment will be affirmed.

BLAKE, C. J., MILLARD, ROBINSON, and SIMPSON, JJ., concur.