[No. 30295. Department One. November 6, 1947.]

Margaret Clevenger, *Appellant*, v. The City of Seattle, *Respondent.*[1]

*Bassett & Geisness,* for appellant.

*A. C. Van Soelen, C. C. McCullough,* and *Charles L. Conley,* for respondent.

Schwellenbach, J.—This is an appeal from a judgment dismissing an action for damages due to personal injuries, tried to the court.

The findings of fact of the trial court are so eminently fair and complete that we desire to adopt them as our own statement of the case.

### "Findings of Fact

"That at all times herein mentioned the plaintiffs were and still are husband and wife, but living separate and apart, and at all times herein mentioned the defendant was and still is a municipal corporation of the State of Washington. That on the 8th day of September, 1945 at about 9:40 a.m. the plaintiff, Margaret Clevenger, was walking east on the north side of Holgate Street between 16th and

[1] Reported in 186 P. (2d) 87.

17th Avenues, all public streets in the City of Seattle. While so walking on said streets she fell and fractured both the tibia and fibula in her lower right leg. That the plaintiff's fall was caused by the negligent condition of the sidewalk at said time and place. That said negligent condition of said sidewalk consisted of a settling of several inches of one of the concrete sections of said sidewalk, so that it tilted in a southwesterly direction. That said condition of said sidewalk was observable to users of the sidewalk from a distance of several feet to persons walking down Holgate Street in an easterly direction. That said condition was observable from the south and east for a considerable distance. That said accident occurred during the daylight hours, to-wit: 9:00 a.m. on the 8th day of September, 1945 and the visibility on said day at said hour was good.

"That the plaintiff was a young woman of approximately 30 years of age, without any physical disabilities whatsoever prior to her accident. The plaintiff was not familiar with Holgate Street and the conditions existing thereon.

"That the plaintiff, while walking easterly on said sidewalk at said time and place was carrying a box or carton in her hands with her purse resting on the top thereof and held in such a position that the plaintiff was unable to see where she was placing her feet. That the plaintiff did not see the defect in the sidwalk prior to her fall and consequent injury.

"That said condition in said street had existed for a period of several years.

"That as a result of said injury the plaintiff was compelled to and did pay the following sums as a result of said accident.

"Doctor Bills ........................... $75.00
"Hospital ............................... $132.40

That as a result of said injuries the plaintiff suffered loss of wages in the sum of $990.00 and pain and suffering in the sum of *$1300.00* dollars.

"Plaintiffs filed a claim as required by law with the City of Seattle which was denied by the defendant, the City of Seattle."

## "CONCLUSIONS OF LAW

"(1) That the plaintiff was damaged and suffered a loss of $2,497.40 dollars.

"(2) That said defendant [plaintiff] is entitled to take nothing by reason of her contributory negligence in that she failed and neglected to see that which was obvious to

users of said sidewalk exercising due care for their safety, in that by her own actions she rendered it impossible to see where she was placing her feet. That the plaintiff, by her own actions, rendered it impossible for her to see."

To the findings, we wish to make a few additions or corrections. Holgate street, at the point where the accident occurred, had a 21.2 per cent grade. The only testimony concerning whether or not the declivity in the sidewalk was observable was given by the witness Dorothy C. Palmer, as follows:

"A. If you were walking uphill you would see it, but if you were coming downhill you wouldn't see it until you were almost on top of it. Q. Almost on top of it, a few feet from it? A. Yes."

Our problem is to determine whether or not the findings, as corrected, justify the conclusions of law that appellant was contributorily negligent.

In the early case of *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357, an action was brought to recover damages for personal injuries occasioned by appellant's falling over an obstruction on one of the sidewalks in Seattle. The trial court granted a nonsuit after appellant's testimony, which was in substance as follows:

" 'Q. You said you were coming down the street. Which way was the wind striking you then,—the wind and rain? A. The wind struck me right in front, in the face. Q. About how far in front of you could you see, in the way you had the umbrella? A. I could not see, only look right in the umbrella. Q. How? A. I looked right in the umbrella; I could not see nothing. Q. About how far could you see down ahead of you, if you looked down the sidewalk, the way your umbrella was held? A. Just a little ways. Q. What? A. I could not see any it was raining so hard.' "

In reversing such ruling, we said:

"It is not the duty of the pedestrian on a sidewalk to bear constantly in mind dangers which may beset him by reason of an imperfect walk. If the rule contended for by the respondent should be enforced, one would not dare to turn his head to the right or to the left in traveling a street, but he would be compelled constantly to notice the sidewalk

in front of him. Some people are naturally alert and observant of material things, notice everything that is in sight, not necessarily as a matter of caution or prudence, but frequently from curiosity. Others are more meditative as they move around, abstracted in thought, unobservant of their material surroundings, and absorbed frequently in the contemplation of business, pleasure, or mental problems of various kinds. The great majority of people are at least at times so abstracted, and shall we say that only the most alert and observant are to be protected from pitfalls on a public highway? Not so. The great rank and file of thoughtful, contemplative people have a right to rely upon the duty of the city authorities to keep the sidewalks upon which they are invited to travel in a safe condition for travel, and the burden of mental strain and watching to avoid pitfalls where no pitfalls should be is not imposed upon them by the law, at least to such an extent that they are to be deprived of the right of submitting the reasonableness of their actions to the consideration of a jury of their peers. One has a right to travel upon the street on the darkest night without a lantern, relying upon the performance of their duties by the authorities in keeping the streets in a suitable condition for travel. Certainly it does not follow that if, from a stress of weather, a person, to defend himself from torrents of rain, carries his umbrella in the only position in which he can carry it,—which is the fact shown in this case,—it can be said he has committed negligence *per se.*"

In *Kelly v. Spokane,* 83 Wash. 55, 145 Pac. 57, we held:

"The second point urged is that the respondent was guilty of contributory negligence, which was the proximate cause of the injury. It is the duty of a city to use reasonable care to maintain its streets and sidewalks in reasonably safe condition for travel. The traveler who has no knowledge to the contrary may proceed upon the assumption that the city has fulfilled its duty. Momentary distraction of the attention of the pedestrian does not as a matter of law constitute contributory negligence. *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357.''

In *Kennedy v. Everett,* 2 Wn. (2d) 650, 99 P. (2d) 614, we said:

"The next question is whether the respondent was guilty of contributory negligence. In the meeting of the two ladies,

his attention was diverted for an instant, and this was when he stepped into the hole. A pedestrian on the sidewalk, who has no knowledge to the contrary, may proceed on the assumption that the city has performed its full duty. Momentary distraction of the attention of the pedestrian does not, as a matter of law, constitute contributory negligence. *Mischke v. Seattle,* 26 Wash. 616, 67 Pac. 357; *Kelly v. Spokane,* 83 Wash. 55, 145 Pac. 57. We conclude that, under the rule just stated, the respondent was not guilty of contributory negligence as a matter of law."

See, also, *James v. Burchett,* 15 Wn. (2d) 119, 129 P. (2d) 790.

Respondent relies upon the following rule announced by us in *Grass v. Seattle,* 100 Wash. 542, 171 Pac. 533:

"A city is not an insurer of the personal safety of everyone who uses its public walks. It owes no duty to keep them in such repair that accidents cannot possibly happen upon them. Its duty in this respect is done when it keeps them reasonably safe for use—safe for those who use them in the exercise of ordinary care."

However, the testimony in that case showed that the respondent had passed over the walk, where the accident occurred, on an average of twice a week for several weeks preceding the accident.

In addition to this, the drop in the sidewalk was from one to one and one-eighth inches. Immediately prior to the quoted portion, we said:

"Manifestly, it seems to us, a city cannot be held negligent for suffering to remain in a sidewalk a defect so inconsequential as this one was shown to be."

And immediately following the quoted portion, we added: "and we cannot but conclude that this one was thus reasonably safe."

Respondent relies upon the approval we gave to an instruction by the trial court in *Lemman v. Spokane,* 38 Wash. 98, 80 Pac. 280:

"He [trial court] told them that the respondent [pedestrian] was bound to use reasonable care and diligence to avoid injury, and in determining whether she had used such care, they should take into consideration her knowledge

of the condition of the walk, her manner of traveling upon it, and any other fact appearing from the evidence which would tend to show such care, or want of it; telling them in the same connection that a person traveling upon a sidewalk in a city must use the faculties nature had given him for his own protection, and that failure to do this was negligence, and a bar to the right to recover for an injury occurring for want of the use of such faculties."

However, preceding that, we said:

"The court instructed the jury to the effect that a person traveling upon a sidewalk has a right to assume that it is in a reasonably safe condition for travel, and act accordingly. It is complained of this that it was misleading and erroneous, in the light of the evidence, inasmuch as it appeared that the respondent did know of the condition of this walk. But here again we think the appellant assumes too much for its proofs. Whether the respondent knew, or ought to have known, of the unsafe and dangerous condition of the walk was a disputed question, and the court was bound to instruct on the theory of both the appellant and the respondent."

In the cases relied upon by respondent, the persons had, or should have had, knowledge of the sidewalk defects. Here, the appellant had never been on the sidewalk before.

■ The statements made by us in the cited cases were made in the light of the particular problems then confronting us. They were all jury cases, and involved either rulings on motions for nonsuit or instructions to the jury. From the foregoing citations, we can adopt this rule: that a person using a public sidewalk is bound to use reasonable care and diligence to avoid injury, but he has a right to assume that the sidewalk is in a reasonably safe condition for travel and can act accordingly.

■ The fact that appellant had not been on this walk before might have required her to be somewhat more alert. Still, her failure to do so would not constitute negligence, because she had a right to assume that the walk was safe. The accident occurred during the daytime, when visibility was good. Even though she carried the box in front of her, she could see the street and the sidewalk and could have

avoided any pedestrians or other obstructions which might have appeared *on* the walk. True, because of the box, she could not see her feet, but this, in and of itself, does not constitute negligence. Her natural reaction, walking down a 21.2 per cent grade, would be to be more cautious and deliberate with each step.

We fail to find that appellant was negligent either as a matter of law, or as a matter of fact. We are of the opinion that the facts in this case do not warrant the conclusion that the appellant was guilty of contributory negligence.

The judgment is reversed, with instructions to grant judgment to appellant in the sum of $2,497.40.

MALLERY, C. J., MILLARD, SIMPSON, and HILL, JJ., concur.