# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| NANCI MILLSON,<br><br>     Appellant,<br><br>    v.<br><br>CITY OF LYNDEN, a municipal<br>corporation; TIM NEWCOMB and<br>HELEN NEWCOMB,<br><br>     Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 67931-7-I<br><br>DIVISION ONE<br><br>PUBLISHED<br><br>FILED: April 1, 2013 |

2013 APR -1 AM 8:38

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

Cox, J. — A municipality has a duty to pedestrians using its sidewalks to keep the sidewalks reasonably safe for their intended use.[1] Generally "'[a] pedestrian on a sidewalk who has no knowledge to the contrary may proceed on the assumption that the city has performed its full duty and has kept the sidewalk in a reasonably safe condition . . . .'"[2] Nor is a pedestrian "required to keep his eyes on the walk immediately in front of him at all times."[3] And the fact that there is an offset that a pedestrian could see if he looked "does not constitute . . .

---

[1] Johnson v. City of Ilwaco, 38 Wn.2d 408, 414, 229 P.2d 878 (1951) (quoting Fritsche v. City of Seattle, 10 Wn.2d 357, 360, 116 P.2d 562 (1941)).

[2] Stone v. City of Seattle, 64 Wn.2d 166, 171, 391 P.2d 179 (1964) (quoting Blasick v. City of Yakima, 45 Wn.2d 309, 313, 274 P.2d 122 (1954)).

[3] Id. (quoting Blasick, 45 Wn.2d at 313).

negligence as a matter of law unless there is a duty to look for that particular thing."[4]

Here, the trial court decided, on conflicting evidence in this record, that the offset in the sidewalk was "open and obvious" to Nanci Millson, who fell after tripping on the offset and sustained personal injuries. This ruling improperly relieved the City of its duty to keep its sidewalks reasonably safe for their intended use. Accordingly, we reverse the summary judgment in favor of the City.

Millson cross appeals, arguing that the trial court denied her cross-motion for partial summary judgment on the City's liability. But material factual issues as to the causation element of her tort claim remain. Partial summary judgment in her favor is not appropriate.

We remand this matter to the trial court for further proceedings.

In 2007, Millson went for a walk around Lynden, Washington, where she lives. Millson regularly walked around her neighborhood in Lynden, Greenfield Village. During her walk, Millson noticed multiple places where the sidewalk had cracked and lifted. The conditions were so bad in one portion of her walk that she left the sidewalk and continued on the road.

Though Millson later acknowledged that as a regular walker she knew that the sidewalk conditions in her neighborhood were not good, she felt that the streets closer to her house were in better condition. A block away from her house, Millson continued onto a section of sidewalk on which she had never walked before. She picked up speed.

---

[4] Id. (quoting Blasick, 45 Wn.2d at 313-14).

2

Millson then noticed one of her neighbors returning home and was momentarily distracted by his arrival. She tripped on an elevated sidewalk lift, which was approximately 1.5 to 2 inches high. She fell to the ground, injuring her hands, shoulders, face, and ribs.

Millson sued the City of Lynden for negligently failing to maintain the sidewalk in a reasonably safe condition and consequently causing her injuries. In her First Amended Complaint, Millson joined defendants Tim and Helen Newcomb and Samuel and Elaine Halbert, based on the City's assertion of an affirmative defense related to these parties. The Newcombs and the Halberts owned property abutting the sidewalk offset.

The City moved for summary judgment, arguing that it did not owe a duty to Millson because the sidewalk offset was open and obvious and known to Millson. The Newcombs joined the City's motion.

In response, Millson opposed this motion and made a cross-motion for partial summary judgment as to liability against the City. The court granted the City and the Newcombs' motion for summary judgment.

Millson appeals.

## SUMMARY JUDGMENT FOR CITY

Millson argues that the trial court erred when it granted the City's summary judgment motion. We agree. There are genuine issues of material fact for trial as to the City's negligence.

A motion for summary judgment may be granted when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a

matter of law.[5] "'A material fact is one that affects the outcome of the litigation.'"[6] When a defendant moves for summary judgment, it bears the initial burden of showing the absence of an issue of material fact.[7] If a defendant makes that initial showing, then the burden shifts to the plaintiff to establish that there is a genuine issue for the trier of fact.[8]

This court reviews a summary judgment order de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party.[9]

The City concedes that the applicable review standard is de novo.[10] In its briefing, the City argues that an additional, different standard applies in this case because of "findings" by the trial court. But, at oral argument before this court, the City properly conceded that the sole governing standard for our review of the summary judgment ruling is de novo. Accordingly, Dolan v. King County[11] and In re Marriage of Rideout,[12] on which the City relied in its briefing, are irrelevant to our analysis.

---

[5] CR 56(c).

[6] Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (quoting Owen v. Burlington N. Santa Fe R.R., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005)).

[7] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

[8] Id.

[9] Lam v. Global Med. Sys., Inc., 127 Wn. App. 657, 661 n.4, 111 P.3d 1258 (2005).

[10] Brief of Respondent City of Lynden at 3.

[11] 172 Wn.2d 299, 258 P.3d 20 (2011).

[12] 150 Wn.2d 337, 77 P.3d 1174 (2003).

To prove negligence, the plaintiff must establish "(1) the existence of a duty owed to the complaining party; (2) a breach of that duty; (3) a resulting injury; and (4) that the claimed breach was a proximate cause of the injury."[13]

Municipalities have a duty to exercise reasonable care to keep their public roadways and sidewalks in a condition that is reasonably safe for ordinary travel.[14] Before a municipality may be liable for an unsafe condition it did not create, it must have notice of the condition and a reasonable opportunity to correct it.[15] While a city is not an insurer of the personal safety of pedestrians, it has a duty to keep its sidewalks reasonably safe.

> "A test which is sometimes applied to determine whether a city has performed its duty is whether a reasonably cautious man, having the duty to preserve and repair the sidewalks, would or would not consider a particular defect as one where pedestrians might be injured."[16]

The supreme court has made clear that a city is not relieved of its duty to citizens where an offset is open and obvious. In Blasick v. City of Yakima, the City urged "that the injured pedestrian 'was not looking where she was walking,' and that the 'depression was plainly visible, open, obvious and apparent.'"[17] The

---

[13] Hansen v. Friend, 118 Wn.2d 476, 479, 824 P.2d 483 (1992).

[14] Keller v. City of Spokane, 146 Wn.2d 237, 249, 44 P.3d 845 (2002); 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 140.01 (6th ed. 2012) (WPI).

[15] Wright v. City of Kennewick, 62 Wn.2d 163, 167, 381 P.2d 620 (1963); WPI 140.02.

[16] Johnson, 38 Wn.2d at 414 (quoting Fritsche v. City of Seattle, 10 Wn.2d 357, 360, 116 P.2d 562 (1941)).

[17] 45 Wn.2d 309, 313, 274 P.2d 122 (1954).

supreme court rejected this argument as a bar to the City's negligence.[18] In so doing, the Blasick court reiterated the supreme court's previous holdings as to a city's duty to pedestrians. "[A] pedestrian is not required to keep his eyes on the walk immediately in front of him at all times . . . ."[19] Nor does "the fact that there is something in a pedestrian's path which he could see if he looked and which he does not see because he does not look, . . . constitute . . . negligence as a matter of law . . . ."[20] Instead, a plaintiff's comparative negligence may reduce the amount of damages she can claim in proportion to the percentage of negligence attributable to her.[21]

If there is a question as to the open and obvious nature of a sidewalk offset, the supreme court has held that this is a question of fact that should be presented to the jury:

> We have decided in other contexts that, although one must use his faculties and senses to discover and avoid danger, there is not in all instances a positive duty of looking for particular objects in one's path which, admittedly, could have been seen if only the plaintiff had looked. In such cases, we made it clear that *it was for the jury to decide* whether a reasonable man, in the plaintiff's shoes, would, under the circumstances, have failed to perceive the obstacle in his pathway.[22]

---

[18] Id. at 313-14.

[19] Id. (citing Kennedy v. City of Everett, 2 Wn.2d 650, 654; 99 P.2d 614 (1940); Clevenger v. City of Seattle, 29 Wn.2d 167, 169-70, 186 P.2d 87 (1947)).

[20] Id. (citing Hines v. Neuner, 42 Wn.2d 116, 121, 253 P.2d 945 (1953)).

[21] See David K. DeWolf & Keller W. Allen, 16 WASHINGTON PRACTICE: TORT LAW AND PRACTICE § 8.2, at 252-53 (3d ed. 2006).

[22] Hines, 42 Wn.2d at 121 (emphasis added) (citations omitted).

This conclusion is consistent with the analysis of McQuillin's treatise on municipal corporations: "Where comparative negligence is the law, the obvious danger of the street may be considered by the trier of fact to determine the percentage of the plaintiff's negligence."[23]

Additionally, a plaintiff's *knowledge* of a dangerous condition in a sidewalk is typically analyzed as a question of a plaintiff's negligence. In Sutton v. City of Snohomish,[24] Lorence v. City of Ellensburgh,[25] Shearer v. Town of Buckley,[26] Austin v. City of Bellingham,[27] Apker v. City of Hoquiam,[28] Kennedy v. City of Everett,[29] and Clevenger v. City of Seattle,[30] the supreme court considered a municipality's duty to maintain its sidewalks. In all of these cases, the plaintiff was injured while walking along a sidewalk or driving along a street.[31] And, in all of these cases the municipality argued that the injured party did not exercise reasonable care or should have known of the danger because of his

---

[23] 19 EUGENE MCQUILLIN, THE LAW OF MUNICIPAL CORPORATION § 54:156, at 516 (3d ed. 2004).

[24] 11 Wash. 24, 39 P. 273 (1895).

[25] 13 Wash. 341, 43 P. 20 (1895).

[26] 31 Wash. 370, 72 P. 76 (1903).

[27] 45 Wash. 460, 88 P. 834 (1907).

[28] 51 Wash. 567, 99 P. 746 (1909).

[29] 2 Wn.2d 650, 99 P.2d 614 (1940).

[30] 29 Wn.2d 167, 186 P.2d 87 (1947).

[31] Id. at 167-68; Apker, 51 Wash. at 568; Austin, 45 Wash. at 460; Shearer, 31 Wash. at 372-73; Lorence, 13 Wash. at 342; Sutton, 11 Wash. at 25-26.

prior knowledge.[32] But, in *none of these cases* did the supreme court hold that knowledge barred the plaintiff's claim entirely.[33] Instead, the court analyzed this question as one of *a plaintiff's comparative negligence*.[34] Thus, in these cases, the plaintiff's previous knowledge of a danger or unreasonable action was not a *bar* to her negligence claim, nor did it relieve the municipality of its duty.

"Negligence is generally a question of fact for the jury, and should be decided as a matter of law only 'in the clearest of cases and when reasonable minds could not have differed in their interpretation' of the facts."[35] The existence of a legal duty is a question of law which an appellate court reviews de novo.[36] "[W]here duty depends on proof of certain facts that may be disputed, summary judgment is inappropriate."[37]

Here, the City expressly concedes that it has a duty to maintain its sidewalks "in a condition that is reasonably safe for pedestrians." Nor does the City contest that it had actual notice of the sidewalk offset in this case. In 2007, the City wrote a letter to the Newcombs stating, "It has come to the City's

---

[32] See Clevenger, 29 Wn.2d at 170-71; Apker, 51 Wash. at 571; Austin, 45 Wash. at 461; Shearer, 31 Wash. at 375; Lorence, 13 Wash. at 343-44.

[33] See Clevenger, 29 Wn.2d at 170-71; Apker, 51 Wash. at 571; Austin, 45 Wash. at 461; Shearer, 31 Wash. at 375; Lorence, 13 Wash. at 343-44.

[34] Clevenger, 29 Wn.2d at 170-71; Apker, 51 Wash. at 571; Austin, 45 Wash. at 461; Shearer, 31 Wash. at 375; Lorence, 13 Wash. at 343-44.

[35] Bodin v. City of Stanwood, 130 Wn.2d 726, 741, 927 P.2d 240 (1996) (quoting Young v. Caravan Corp., 99 Wn.2d 655, 661, 663 P.2d 834 (1983)).

[36] Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996).

[37] Afoa v. Port of Seattle, 160 Wn. App. 234, 238, 247 P.3d 482 (2011).

attention that the sidewalk abutting the following described property . . . presents a potential hazard, and is in need of repair." But, the City claims that it has "no duty to warn of conditions that are open and obvious to the user." And, it argues, this is particularly true when the person claiming injury knew about the dangerousness of the City's sidewalks. Thus, the City takes the position that it is relieved of its duty because the sidewalk offset where Millson was injured was "open and obvious" and because Millson had knowledge of the offset.

But this is not the law. As our supreme court has held, generally a pedestrian's knowledge of the dangerousness of a sidewalk will not relieve a city of its duty.[38] The same is true of a dangerous offset that is open and obvious. Here, where there is arguably a dispute whether the offset that caused Millson's injury was "open and obvious" and whether Millson had knowledge of its danger, reasonable minds could differ as to the City's duty and consequent negligence. Thus, the trial court could not properly grant summary judgment.

The City claims that the offset that caused Millson to fall was open and obvious and that Millson had knowledge of it. But Millson contests these claims. These are genuine issues of material facts. While the City contends that Millson knew she "needed to exercise caution in this area . . . [and] did so for a while, and then allowed herself to become distracted[,]" Millson claims otherwise. She states that she had walked on the street where she fell only a couple of times before. Further, she claims she had never before walked on the particular portion of the sidewalk where she fell. Thus, given the factual discrepancies

---

[38] See Blasick, 45 Wn.2d at 313-14.

9

whether the sidewalk offset was an open and obvious danger to Millson, the consequent allocation of fault was a question for a jury to decide.

Additionally, as the supreme court's holdings in numerous cases make clear, any prior knowledge that Millson had of the offset would go to her own negligence. Millson's knowledge of the dangerousness of the particular sidewalk in question is a genuine issue of material fact. But, even if she did have such knowledge, that does not relieve the City of its duty to provide reasonably safe sidewalks.

The City points to Johnson v. City of Ilwaco[39] to support its argument, but it mischaracterizes the language of that case.[40] There, Johnson tripped on a sidewalk offset on an Ilwaco street.[41] The supreme court held that the evidence presented by Johnson justified submitting the case to the jury.[42] It then reversed the trial court's order of judgment notwithstanding the verdict.[43] In so holding, it listed a number of issues that are proper questions for the jury to determine.[44] These issues included: "the extent to which [the sidewalk defect's] presence . . .

---

[39] 38 Wn.2d 408, 229 P.2d 878 (1951).

[40] Brief of Respondent City of Lynden at 13 (The City incorrectly cites Lewis v. City of Spokane, 124 Wash. 684, 215 P. 36 (1923), for the quotation on which it relies).

[41] Johnson, 38 Wn.2d at 409-10.

[42] Id. at 416.

[43] Id. at 412-13.

[44] Id. at 413.

would ordinarily be seen or observed by travelers on the sidewalk . . . ."[45] Thus, the language on which the City relies was a discussion of issues that are generally jury questions, not those decided by the court on a grant of summary judgment.

The City argues that the Johnson court held that another issue in determining a City's duty is "whether the user was 'using the sidewalk *in the exercise of ordinary care*.'"[46] While this is an accurate quotation from Johnson, it does not support the City's contention that it did not owe Millson a duty. Millson was walking on the sidewalk and became distracted. But, as noted above, distraction itself has not been found to bar a plaintiff's recovery.[47]

The City also cites Hoffstatter v. City of Seattle,[48] but this case is also unhelpful. There, this court addressed the duty owed by a city with respect to a parking strip, not a sidewalk. In the Hoffstatter opinion, this court acknowledged that a different duty would be owed by a municipality in the context of a sidewalk offset. "It is reasonable to expect that a pedestrian will pay closer attention to surface conditions while crossing a landscaped parking strip than when *walking on a sidewalk*."[49] Thus, the Hoffstatter opinion is unhelpful.

---

[45] Id.

[46] Brief of Respondent City of Lynden at 13 (quoting Johnson, 38 Wn.2d at 414).

[47] Clevenger, 29 Wn.2d at 170-71.

[48] 105 Wn. App. 596, 20 P.3d 1003 (2001).

[49] Id. at 601 (emphasis added).

11

Additionally, the City relies on three other cases to support its argument that it owed no duty to Millson: Barker v. Skagit Speedway,[50] Howard v. Horn,[51] and Seiber v. Poulsbo Marine Center, Inc.[52] But, all of these cases involve *private landowners* and their duty to *invitees* rather than a municipality's duty to the public.[53] As noted above, a municipality such as the City generally owes a higher duty of care to those traveling on its sidewalks than do private landowners. Thus, none of these cases are helpful.

Finally, the City argues that "[t]o decide a premises liability case like this one, this court should rely on the legal standard found in Restatement Second of Torts § 343."[54] It then concludes that the Restatement supports its position. It does not. Restatement § 343 also primarily addresses *private* landowners, not municipalities.[55] Moreover, our supreme court has previously rejected reliance on § 343 without a party also acknowledging the language of § 343A.[56]

---

[50] 119 Wn. App. 807, 82 P.3d 244 (2003).

[51] 61 Wn. App. 520, 810 P.2d 1387 (1991).

[52] 136 Wn. App. 731, 150 P.3d 633 (2007).

[53] Barker, 110 Wn. App. at 809-10 (involving the duty owed by a race track to an invitee); Howard, 61 Wn. App. at 522-23 (analyzing the duty owed by a landlord to his tenant); Seiber, 136 Wn. App. at 733, 739 (duty owed by business to pedestrian injured on public boardwalk outside of the store).

[54] Brief of Respondent City of Lynden at 10.

[55] See RESTATEMENT (SECOND) OF TORTS § 343A (1965).

[56] Kamla v. Space Needle Corp., 147 Wn.2d 114, 125-26, 52 P.3d 472 (2002) (noting that Space Needle's argument as regarded § 343 improperly "ignores section 343A").

As § 343A makes clear, municipalities owe a greater duty to the public than do private landowners.[57] The Restatement states that "[i]n determining whether the possessor should anticipate harm from a known or obvious danger, the fact that the invitee is entitled to make use of public land, or of the facilities of a public utility, is a factor of importance indicating that the harm should be anticipated."[58]

Additionally, the Comments to § 343A of the Restatement emphasize a municipality's greater duty of care. "As is stated in Subsection (2), . . . a public utility, government, or government agency may have special reason to anticipate that one who so enters will proceed to encounter known or obvious dangers; and such a defendant may therefore be subject to liability *in some cases where the ordinary possessor of land would not*."[59] The Comment does include a caveat: "Even such defendants, however, may reasonably assume that members of the public will not be harmed by known or obvious dangers which are not extreme, and which any reasonable person exercising ordinary attention, perception, and intelligence could be expected to avoid."[60] But that caveat does not apply here. Because there was a dispute as to the open and obvious nature of the sidewalk offset and as to Millson's knowledge of the sidewalk's dangerousness, the trial court's grant of summary judgment was in error.

---

[57] RESTATEMENT (SECOND) OF TORTS § 343A.

[58] Id.

[59] Id.

[60] Id. cmt. g.

13

## PARTIAL SUMMARY JUDGMENT FOR MILLSON

Millson argues that the trial court erred when it denied her motion for summary judgment against the City. We disagree.

As noted above, summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law.[61] "'A material fact is one that affects the outcome of the litigation.'"[62] "Where the facts are undisputed and but one reasonable inference can be drawn from them, the question of negligence is one of law. Only if different results might be honestly reached by different minds is the question one of fact for the jury."[63] This court reviews an order on summary judgment de novo, performing the same inquiry as the trial court.[64]

As we stated above, to make out a prima facie case of negligence, a plaintiff must establish duty, breach, injury, and causation.[65]

Here, whether Millson's knowledge or the open and obvious nature of the offset should warrant a conclusion that she is contributorily negligent is a factual question for the jury to decide. Thus, it would have been inappropriate for the

---

[61] CR 56(c); Hontz v. State, 105 Wn.2d 302, 311, 714 P.2d 1176 (1986).

[62] Elcon Cont, 174 Wn.2d at 164 (quoting Owen, 153 Wn.2d at 789).

[63] Meissner v. City of Seattle, 14 Wn. App. 457, 458-59, 542 P.2d 795 (1975).

[64] Simpson Tacoma Kraft Co. v. Dep't of Ecology, 119 Wn.2d 640, 646, 835 P.2d 1030 (1992).

[65] Schooley v. Pinch's Deli Market, Inc., 134 Wn.2d 468, 474, 951 P.2d 749 1998).

trial court to determine liability of the City in the absence of a determination of this necessary element of her tort claim.

We reverse the summary judgment dismissal and remand for further proceedings.

_Cox, J._

WE CONCUR:

_Appelwick, J_          _Becker, J._