Maxa, A.C.J.
¶32 (dissenting) — I believe that the trial court erred in ruling that Daniel Fletcher was negligent as a matter of law. Accordingly, I dissent.
¶33 Whether a defendant is negligent depends on the particular circumstances surrounding the incident giving rise to the plaintiff’s injury. The Washington pattern instruction defining “negligence” states that negligence “is the doing of some act that a reasonably careful person would not do under the same or similar circumstances” 6 Washington Practice: Washington Pattern Jury Instructions: Civil 10.01 (6th ed. 2012) (WPI) (emphasis added). The pattern instruction defining “ordinary care” states that ordinary care means “the care a reasonably careful person would exercise under the same or similar circumstances.” WPI 10.02 (emphasis added). As the majority notes, negligence generally is a question of fact for the jury and should be decided as a matter of law only in the clearest of cases. Millson v. City of Lynden, 174 Wn. App. 303, 312, 298 P.3d 141 (2013).
¶34 Here, the key circumstances were that (1) Veri Lee had specialized knowledge, experience and training regarding the repair of variable frequency drives (VFDs), (2) Fletcher had minimal knowledge and experience regarding VFDs, (3) Lee was completely in charge of the VFD repair work, and (4) Lee appeared to acquiesce in Fletcher’s proposal to tap the fan blade with his screwdriver. Lee challenges the fourth fact. But the evidence that Willis and Fletcher submitted - that we must assume is true for summary judgment purposes - shows that after Fletcher *406 proposed tapping the fan blade, Lee did not disagree and in fact continued shining his flashlight on the fan for the next 15 seconds. This evidence gives rise to a reasonable inference that Lee agreed with Fletcher’s proposed course of action. Lee’s agreement in turn gives rise to a reasonable inference that Lee believed Fletcher’s course of action was safe.
¶35 The Supreme Court in System Tank Lines, Inc. v. Dixon suggested that a person may not be negligent if another person with more expertise represents that the first person could perform a particular act safely. 47 Wn.2d 147, 152, 286 P.2d 704 (1955). The court stated that whether the first person’s otherwise negligent act was reasonable in light of such a representation is a question of fact. Id. I do not necessarily advocate adopting a rule that an expert’s acquiescence in the defendant’s conduct always creates a question of fact regarding the defendant’s negligence. However, under the specific circumstances in this case I believe that Lee’s expertise, Fletcher’s lack of expertise, Lee’s control over the repair work, and Lee’s acquiescence in Fletcher’s proposed course of conduct creates a question of fact regarding whether Fletcher’s conduct was reasonable under the circumstances of this incident.
¶36 The evidence of negligence against Fletcher certainly is strong. After considering evidence regarding the circumstances surrounding the incident, a jury may well have found that Fletcher was negligent. But that was a decision for the jury to make, not for the trial court to make on summary judgment.