[No. 52020–8. En Banc. April 17, 1986.]

RICHARD A. GRECO, *Appellant,* v. DALE PARSONS, *Respondent.*

*Neil J. Hoff* and *Ely Kastenbaum,* for appellant.

*Otto Matsch* and *Matsch & Germano,* for respondent.

PEARSON, J.—This case involves a recall petition filed against Pierce County Auditor and Supervisor of Elections Richard A. Greco. The issue presented is whether charge 2, as stated in the petition, alleges sufficient grounds for recall. The trial court, pursuant to RCW 29.82.023, conducted a hearing to determine the sufficiency of the two charges levied against Greco and concluded that charge 2 was sufficient.[1] We reverse and hold that charge 2 is insufficient to serve as the basis for a recall election.

Richard Greco has served as Pierce County Auditor for 16 years and Supervisor of Elections for over 20 years. The responsibilities of this elected position include the maintenance of voter precincts at appropriate levels. For some time prior to 1982, Greco generally maintained voter levels in Pierce County at approximately 250 to 400 registered voters per precinct. However, by 1984 at least 70 precincts contained more than 900 voters—a voter number which the Pierce County Council, with ultimate authority to control precincts, thought was excessive.

In an attempt to bring voter precinct levels back down to 250 to 400 voters, the Pierce County Council enacted ordinance 84–40. The effective date of the ordinance was May 28, 1984. It directed Greco to prepare precinct boundary revisions by June 29, 1984, so that each Pierce County pre-

---

[1]The trial court found the first charge to be insufficient. That finding is not challenged by either party to this appeal, however, and so is not at issue here.

cinct would contain fewer voters in time for a more orderly 1984 election.

Greco failed to implement ordinance 84–40. He told the Pierce County Council that the 32–day time limit imposed by the ordinance constituted insufficient time in which to revise precinct boundaries. He further stated that his office lacked the funding to complete the task and that the necessary funds for such an extensive project had not been appropriated by the Council.

Approximately 1 year later, on June 12, 1985, a recall petition against Greco was executed. The recall charge with which this appeal is concerned alleged that Greco failed to comply with ordinance 84–40 and that such failure amounted to violation of his oath of office. The trial court found this charge was sufficient to support a recall election. Greco immediately appealed this finding.

Four recent opinions of this court control the question of sufficiency of recall charges. Those cases are *Chandler v. Otto,* 103 Wn.2d 268, 693 P.2d 71 (1984); *Cole v. Webster,* 103 Wn.2d 280, 692 P.2d 799 (1984); *Teaford v. Howard,* 104 Wn.2d 580, 707 P.2d 1327 (1985); *Estey v. Dempsey,* 104 Wn.2d 597, 707 P.2d 1338 (1985). In all four cases this court affirmed a commitment to uphold clear legislative intent to limit the scope of the recall right and prevent harassment of public officials. *Cole,* at 283. To this end, recall charges must be found by a court to be both factually and legally sufficient. *Chandler,* at 274; *Teaford,* at 586; *Estey,* at 600.

The threshold inquiry is whether the charge is legally sufficient. To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance, or violation of the oath of office. *Chandler,* at 274. Implicit in this statement is the principle that if a legally cognizable justification for an official's conduct exists, that justification renders a recall petition legally insufficient.

This court has previously recognized two such justifications. First, where the acts of the official amount to

insubstantial conduct, a recall petition based on those acts is legally insufficient. *Chandler*, at 274; *Estey*, at 604. Second, where a discretionary act is the focus of the controversy, recall petitioners must show that the official exercised discretion in a manner which was manifestly unreasonable. *Cole*, at 284; *Estey*, at 602. In addition to these "discretionary act" and "substantial conduct" justifications, we specifically recognize another justification which defeats the legal sufficiency of a recall petition: Where an elected official fails to implement an ordinance or statute which is impossible to implement, such failure cannot serve as the basis of a recall petition.

In the instant case, respondent seeks to recall Greco for failure to implement ordinance 84–40. This ordinance, effective on May 28, 1984, required Greco to revise Pierce County precinct boundaries by June 29, 1984. However, Greco informed the Council prior to passage of the ordinance that he and his staff would need 6 to 9 months to make the revisions. Boundary lines must be redrawn for all existing precincts. New precinct numbers must be assigned to the approximately 120,000 voters whose polling places would be changed by the boundary revisions. Each of those voters must be notified of the changes. Finally, new legislative district maps must be drawn. A 32–day time limit for performance of all these tasks clearly constitutes insufficient time.

Not only was the auditor given insufficient time, he was allotted no funds for carrying out the project. He calculated that the entire boundary revision process would cost $50,000, and he so informed the Council at its May 15, 1984 meeting. Yet it is undisputed that the Council passed ordinance 84–40 without providing for this expense in its 1985 budget.

In the last year, well after the deadline imposed by ordinance 84–40, the Council finally allocated the necessary funding. Greco subsequently proceeded with the boundary revisions and now expects to have the entire project completed by June 29, 1986.

The initial lack of funding and unrealistic time constraints resulted in an ordinance which was impossible for Greco to implement. To the extent ordinance 84–40 was impossible to carry out, it was unreasonable.

██ Legislation may be void for unreasonableness. *Lenci v. Seattle,* 63 Wn.2d 664, 388 P.2d 926 (1964). We do not, however, find the entire ordinance void for unreasonableness. Nor do we suggest that the Pierce County Council's motive in revising precinct boundaries was in any way unreasonable. It is the Council's method which was unreasonable.

We hold that when a legislative body passes an ordinance imposing unreasonable time and funding constraints upon an elected official, the latter's failure to comply with such an ordinance does not constitute legal grounds for recall of such elected official. Greco's failure to comply with an ordinance, because it was impossible to comply, amounts to a legally cognizable justification for his failure. Such justification defeats the legal sufficiency of the recall petition. Because the petition is legally insufficient, we need not reach questions of factual sufficiency. The petition is dismissed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, CALLOW, and DURHAM, JJ., concur.

ANDERSEN, J., concurs in the result.

GOODLOE, J. (dissenting)—I find the recall petition legally sufficient. I would affirm the trial court.

This petition meets the requirements of RCW 29.82, the recall statute. In compliance with RCW 29.82.010, the recall petition recited that Richard A. Greco, the Pierce County Auditor, violated his oath of office by failing to implement section 2 of ordinance 84–40, and gave a detailed description. Violation of the oath of office is statutorily defined as the "wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29.82-.010(2). Section 2 of ordinance 84–40 imposed upon Greco

the duty "[p]rior to June 29, 1984, . . . to prepare revisions to the boundaries of existing voting precincts so that each individual voter precinct in Pierce County contains between 250 and 400 registered voters, except as provided below: . . ." Clerk's Papers, at 68. Greco admittedly failed to implement the ordinance.

This court has stated that for a petition to be legally sufficient it "must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984); *Teaford v. Howard,* 104 Wn.2d 580, 584, 707 P.2d 1327 (1985); *Estey v. Dempsey,* 104 Wn.2d 597, 604, 707 P.2d 1338 (1985).

The majority today finds implicit in this definition of legally sufficient "the principle that if a legally cognizable justification for an official's conduct exists, that justification renders a recall petition legally insufficient." Majority opinion, at 671. This court has not previously recognized that *justifications* existed for actions that would otherwise have amounted to misfeasance, malfeasance or violation of the oath of office. What we have found was that the action or inaction itself did not amount to substantial conduct or the type of conduct required by our definition of legal sufficiency.

In *Chandler v. Otto, supra* at 274, the court found that an official could not be subject to recall "for appropriately exercising the discretion granted him or her by law." *See also Estey v. Dempsey,* 104 Wn.2d 597, 602, 707 P.2d 1338 (1985). No evidence was proffered that the discretion was exercised inappropriately, and the court found "[t]he exercise of judgment is not grounds for recall." (Citation omitted.) *Chandler,* at 275. The holding in *Chandler* was not a justification for charges which amounted to misfeasance, malfeasance or violation of the oath of office.

In *Cole v. Webster,* 103 Wn.2d 280, 283, 692 P.2d 799 (1984), the court's only inquiry as to legal sufficiency of the charges was to determine that charges reciting only that the public officials were "wasting taxes" were legally insuffi-

cient. The court found the decisions called for the exercise of judgment discussed in *Chandler*. Similarly, in *Estey*, the court was asked to review the sufficiency of charges regarding discretionary conduct. Unless an abuse of discretion was shown, the actions could not amount to misfeasance, malfeasance or violation of the oath of office. Abuse of discretion is not a justification; it is a necessary prerequisite.

The majority's new "justification" is "[w]here an elected official fails to implement an ordinance or statute which is impossible to implement, such failure cannot serve as the basis of a recall petition." Majority opinion, at 672. I have great difficulty with this court deciding after the fact that an elected public official was justified in not complying with a duly enacted ordinance. The ordinance did not require Greco to "revise Pierce County precinct boundaries", majority opinion at 672, but did impose on Greco a duty "to prepare revisions". If compliance were truly unreasonable, Greco could have sought a declaratory judgment. This court should not determine whether an ordinance is unreasonable when we review the sufficiency of a recall petition. The court is not even supposed to determine the truth of charges, only their sufficiency. *Cole,* at 287–88. In my view, Greco's willful failure to comply or attempt to comply with ordinance 84–40 is a more than legally sufficient ground for recall.