[No. 77502-8.   En Banc.]
Considered January 12, 2006.    Decided February 16, 2006.

*In the Matter of the Recall of* ROBERT CARKEEK,
*Commissioner of Drainage Improvement
District No. 8.*

*Daniel R. Johnson* (of *Adams, Johnson & Duncan, Inc., P.S.*), for appellant.

*Leland G. Ripley*; and *Janice E. Ellis, Prosecuting Attorney for Snohomish County*, and *Rebecca Ellen Lawson Wendling, Deputy*, for respondent.

¶1 CHAMBERS, J. — Robert Carkeek is a commissioner of Drainage Improvement District No. 8. Shortly after he unsuccessfully sought an antiharassment order that would have excluded two of his neighbors from drainage commission district meetings, a recall petition was filed against him. The trial judge found all but one of the many charges factually or legally insufficient, rewrote the only surviving charge, and approved that charge "as revised."

¶2 We find the allegation that Commissioner Carkeek committed misfeasance, malfeasance, or violation of the oath of office unsupported by the record. We also find that he had a legally cognizable justification for seeking the antiharassment order. Accordingly, we find that the charge is factually and legally insufficient and reverse.

## BACKGROUND

¶3 In May 2005, Commissioner Carkeek sought an antiharassment order after, he alleges, he was attacked by two of his neighbors. The trial court declined to grant Commissioner Carkeek an antiharassment order on the grounds he had not proved his case and dismissed his petition.

¶4 Shortly afterward, Leland Ripley, his neighbor, filed this recall petition against Commissioner Carkeek. The recall petition alleged, among other charges not before us, that Commissioner Carkeek should be recalled because he

> [s]ought through the use of a claim of harassment to obtain a court order directing that Leland G. Ripley and Kathleen J. Ripley be prohibited from attending public Drainage District #8 meetings in violation of Leland G. Ripley's and Kathleen J. Ripley's rights to free speech and to petition the government as guaranteed by the First Amendment of the United States Constitution and Article 1 § 4 and § 5 of the Washington State Constitution, an act of malfeasance and[/]or misfeasance in office and a violation of his oath of office. A copy of his petition and the order dismissing his petition for an anti harassment order are attached.

Clerk's Papers (CP) at 53. After dismissing all the other charges brought by the petitioner, Judge Allendoerfer substantially revised the charge (and not merely the ballot synopsis) to read:

> Shall Robert Carkeek, Commissioner of Drainage Improvement District No. 8, be recalled from public office for acts of malfeasance, misfeasance, or violation of oath of office because of the following allegations:
>
> On May 26, 2005, Robert Carkeek sought an anti-harassment order from Snohomish County District Court prohibiting constituents of Drainage Improvement District No. 8, Leland G. Ripley and Kathleen J. Ripley, from attending future public meetings of said District. These acts were an intentional attempt to violate the Ripleys' constitutional rights to free speech and to petition the government, and an intentional

attempt to violate the Open Public Meetings Act, Chapter 42.30 RCW, and the Anti-Harassment Act, Chapter 10.14 RCW. CP at 6. Thus, the superior court judge revised the charge to specifically allege an intentional attempt to violate the constitutional rights of the Ripleys and the statutory law of the State of Washington. Commissioner Carkeek sought review.

## ANALYSIS

■ ¶5 Courts play a highly limited role in the recall process. RCW 29A.56.140; *In re Recall of Kast*, 144 Wn.2d 807, 813, 31 P.3d 677 (2001). We are merely gatekeepers, limited to protecting the process by ensuring that only legally and factually sufficient charges are referred to the voters. *Id.*

■ ¶6 Commissioner Carkeek, like most Washington State elected officials, may be recalled by the people on legally and factually sufficient charges of malfeasance, misfeasance, or violation of the oath of office. CONST. art. I, §§ 33-34; RCW 29A.56.110. We review the superior court's initial sufficiency determination de novo. *See* RCW 29A-.56.140; *Kast*, 144 Wn.2d at 813. We do not strike recall petitions on merely technical grounds, and we may consider supporting documentation in our sufficiency determinations. *See id.*

### 1. FACTUAL SUFFICIENCY

¶7 We now turn to whether the charge is factually sufficient. We hold that it is not.

■■ ¶8 To justify recall, petitioner must allege specific facts that, as a whole, "identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance." *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). Voters may draw reasonable inferences from the facts alleged; the fact that reasonable conclusions and

inferences have been drawn by the petitioner is not fatal to the sufficiency of the allegations. *Id.*

¶9 But while some inferences are permissible, "[o]n the whole, the facts must indicate an intention to violate the law." *In re Recall of Feetham,* 149 Wn.2d 860, 865, 72 P.3d 741 (2003) (citing *In re Recall of Ackerson,* 143 Wn.2d 366, 371, 20 P.3d 930 (2001)). There is nothing in the original statement of the charge or the supporting documentation provided by the learned counsel bringing the petition that states, or supports a reasonable inference that, Commissioner Carkeek intended to violate the law. Instead, the record indicates that Commissioner Carkeek was motivated by a sincere, if ultimately nonprevailing, fear for his personal safety.

¶10 We find the petition factually insufficient.

## 2. Legal Sufficiency

¶11 Commissioner Carkeek also contends that the charge is legally insufficient because, among other reasons we need not reach, he had a legally cognizable justification for seeking the antiharassment order: his justified fear. Because this appears to be the first time a public official's use of the antiharassment statute has been a basis for a recall petition, we will briefly address this argument.

■ ¶12 A "legally cognizable justification for an official's conduct renders a recall charge insufficient," even, under some circumstances, when the official actually violated the law. *Ackerson,* 143 Wn.2d at 371 (citing *In re Recall of Wade,* 115 Wn.2d 544, 799 P.2d 1179 (1990)); *Greco v. Parsons,* 105 Wn.2d 669, 717 P.2d 1368 (1986). So, for example, in *Greco,* this court dismissed a recall attempt against the Pierce County auditor for failure to redraw the voter precincts within the 32 days required by the Pierce County Council's ordinance. *Greco,* 105 Wn.2d at 670-71. Since it was undisputed that the Pierce County Council ordered the auditor to do an impossible task, we found there was a "legally cognizable justification" (in that case, an impossibility) for

his failure to comply with the law. *Greco*, 105 Wn.2d at 672. We found implicit in the requirement that the charge be legally sufficient and that there be no "legally cognizable justification" for the official's actions. *Greco*, 105 Wn.2d at 673.

■ ¶13 In this case, Commissioner Carkeek had legally cognizable justification for his actions—he feared his neighbors would attack him. This is a proper basis to seek an antiharassment order. No one has questioned the sincerity of the belief or come forth with facts tending to show that Commissioner Carkeek had an impermissible motive. Without some concrete facts from which we can draw an inference of such improper motive, a public official's recourse to an antiharassment procedure is not a recallable offense.

¶14 Therefore, we hold that this recall petition is both factually and legally insufficient and reverse.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.