[No. 79869-9. En Banc.]

Considered November 1, 2007. Decided December 13, 2007.

*In the Matter of the Recall Charges Against*
SEATTLE SCHOOL DISTRICT No. 1 DIRECTORS
BRITA BUTLER-WALL ET AL.

502

504

*Dwight T. Van Winkle*, for appellant.

*Lawrence B. Ransom* and *Andrew J. Liese* (of *Karr Tuttle Campbell*) and *Gary L. Ikeda* (of *Seattle Public Schools*), for respondent.

¶1 ALEXANDER, C.J. — In January 2007, Eric Dawson filed a petition with the King County Elections Division. In it, he sought the recall of Seattle School District Directors Brita Butler-Wall, Cheryl Chow, Michael DeBell, Darlene Flynn, and Irene Stewart. The King County Prosecuting Attorney's Office then petitioned the King County Superior Court to determine the sufficiency of the recall petition. This prompted the Seattle School District to seek intervention. Its motion to intervene was granted.

¶2 On February 2, 2007, King County Superior Court Judge William Downing conducted a hearing on the sufficiency of the petition. At the conclusion of that hearing, Judge Downing orally ruled that the charges[1] were legally and factually insufficient.

---

[1] Initially, there were six charges against the five directors, but Dawson withdrew one of the charges prior to the hearing.

¶3 Dawson then moved for reconsideration. In support of his motion, he included new evidentiary materials that had not been offered at the earlier hearing. On February 7, 2007, Judge Downing entered his written findings of fact and conclusions of law. Approximately two weeks later, Judge Downing entered an order striking the new evidentiary materials and denying the motion for reconsideration. Pursuant to RCW 29A.56.270, Dawson filed a notice of appeal in this court. He presents argument here on only three of the charges, to wit: two, three, and six.

I

¶4 Before reaching the issues of the legal and factual sufficiency of the charges, we must address the school district's assertion that Dawson's appeal is not timely and is moot as to three of the school district directors. We also address Dawson's assertion that the school district should not have been permitted to intervene.

A

¶5 The school district claims that Dawson's appeal is not timely because it was not filed within 15 days of February 7, 2007, the date on which Judge Downing issued his written findings of fact and conclusions of law. We reject this contention because the appeal was filed within 15 days of the date on which Dawson's motion for reconsideration was denied by Judge Downing. *See Brower v. Pierce County*, 96 Wn. App. 559, 562, 984 P.2d 1036 (1999). The appeal is, therefore, timely.

B

¶6 The school district asserts that Dawson's appeal is moot as to Directors Butler-Wall, Stewart, and Flynn. " 'A case is moot if a court can no longer provide effective relief.' " *Thomas v. Lehman*, 138 Wn. App. 618, 622 n.3, 158 P.3d 86 (2007) (quoting *In re Det. of Cross*, 99 Wn.2d 373,

376-77, 662 P.2d 828 (1983)). We conclude that the appeal is moot as to Directors Butler-Wall and Stewart because they did not file for reelection this year and, thus, their names were not on the ballot that was before the voters of the Seattle School District on November 6, 2007. The appeal is also moot as to Director Flynn because, although she ran for reelection and her name was on the November 6, 2007, general election ballot, she did not prevail in the election. Our conclusion as to mootness stems from the fact that these three school district directors will not hold the office of Seattle School District director in early January 2008. Clearly, there is insufficient time between the date this opinion is issued and early January 2008 to enable Dawson to gather the signatures that are necessary to justify the holding of a recall election.[2] Because we are unable to afford effective relief, even if Dawson's recall petition is determined to be legally and factually sufficient, the appeal is moot as to these directors.

## C

 ¶7 Dawson asserts that the school district should not have been permitted to intervene. The pertinent rule, CR 24, provides in part:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or

---

[2] Pursuant to RCW 29A.56.150: "(1) The sponsors of a recall demanded of any public officer shall stop circulation of and file all petitions with the appropriate elections officer not less than six months before the next general election in which the officer whose recall is demanded is subject to reelection. (2) . . . If the decision of the superior court regarding the sufficiency of the charges is appealed, the one hundred eighty . . . day period for the circulation of signatures begins on the day following the issuance of the decision by the supreme court." Therefore, signatures for a recall petition may not be gathered within the six-month period prior to the general election for those who are subject to reelection at the end of that six-month period.

impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**(b) Permissive Intervention.** Upon timely application, anyone may be permitted to intervene in an action:

(1) When a statute confers a conditional right to intervene; or

(2) When an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirements, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Pursuant to this rule, a party may be permitted to intervene in an action when that party claims an interest in the action that is not adequately protected by the existing parties to the action or when the new party's claim or defense has a question of fact or law in common with the main action. A trial court's decision to allow intervention under this rule is discretionary, and the question on review is whether that court has abused its discretion. *Ford v. Logan*, 79 Wn.2d 147, 150, 483 P.2d 1247 (1971).

■ ¶8 Judge Downing granted the intervention motion, under CR 24, after determining that "a) The School District has a separate and distinct interest in these proceedings; [and] b) Its participation is likely to be of assistance to the court in focusing on the issues at the sufficiency hearing." Clerk's Papers at 235. In our view, Judge Downing did not abuse his discretion in reaching these conclusions.

■ ■ ¶9 Dawson asserts, additionally, that the school district was statutorily barred from attending the recall hearing. He bases his argument in this regard upon RCW 29A.56.140, which provides, in part, as follows: "The clerk of the superior court shall notify the person subject to recall and the person demanding recall of the hearing date. *Both*

*persons may appear with counsel.*" (Emphasis added.) We reject Dawson's contention that this statute precludes persons, other than the person seeking the recall and the person subject to the recall, from attending the hearing at which sufficiency of the charges is determined. The aforementioned statute merely provides that parties may have legal counsel represent them at the hearing. It does not purport to preclude others from attending the hearing. Indeed it could not so provide since article I, section 10 of our state's constitution indicates that "[j]ustice in all cases shall be administered openly." This provision has been construed to mean that members of the public and the press have a right to attend court proceedings. *State v. Easterling,* 157 Wn.2d 167, 174, 137 P.3d 825 (2006); *Seattle Times Co. v. Ishikawa,* 97 Wn.2d 30, 36, 640 P.2d 716 (1982).

## II

¶10 Most elected officials in Washington "may be recalled by the people on legally and factually sufficient charges of malfeasance, misfeasance, or violation of the oath of office." *In re Recall of Carkeek,* 156 Wn.2d 469, 473, 128 P.3d 1231 (2006) (citing CONST. art. I, §§ 33-34; RCW 29A.56.110). The superior court's initial sufficiency determination is reviewed de novo by the Supreme Court. *Id.* (citing RCW 29A.56.140; *In re Recall of Kast,* 144 Wn.2d 807, 813, 31 P.3d 677 (2001)). Courts act as gatekeepers to ensure that the people's representatives are not subject to frivolous or unfounded charges. RCW 29A.56.140; *Kast,* 144 Wn.2d at 813.

¶11 The petitioner must bring a charge that is factually and legally sufficient. RCW 29A.56.140; *Kast,* 144 Wn.2d at 813-15. "To justify recall, petitioner must allege specific facts that, as a whole, 'identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance.'" *Carkeek,* 156 Wn.2d at 473 (quoting *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984)).

A recall charge is legally sufficient if it "define[s] substantial conduct clearly amounting to misfeasance, malfeasance or a violation of the oath of office." *In re Recall of Wasson*, 149 Wn.2d 787, 791, 72 P.3d 170 (2003).[3] Charges are legally insufficient where the conduct is "insubstantial" or if the elected official acted with a legal justification. *Greco v. Parsons*, 105 Wn.2d 669, 671-72, 717 P.2d 1368 (1986).

¶12 "A 'legally cognizable justification for an official's conduct renders a recall charge insufficient,' even, under some circumstances, when the official actually violated the law." *Carkeek*, 156 Wn.2d at 474 (quoting *In re Recall of Ackerson*, 143 Wn.2d 366, 371, 20 P.3d 930 (2001)). The seminal case is *Greco*, 105 Wn.2d 669.

> [I]n *Greco*, this court dismissed a recall attempt against the Pierce County auditor for failure to redraw the voter precincts within the 32 days required by the Pierce County Council's ordinance. Since it was undisputed that the Pierce County Council ordered the auditor to do an impossible task, we found there was a "legally cognizable justification" (in that case, an impossibility) for his failure to comply with the law.

*Carkeek*, 156 Wn.2d at 474-75 (citation omitted); *see Greco*, 105 Wn.2d 669.

¶13 Factual sufficiency is required to ensure that charges do not constitute grounds for recall unless supported by identifiable facts. *In re Recall of Wade*, 115 Wn.2d 544, 548, 799 P.2d 1179 (1990); *Teaford v. Howard*, 104 Wn.2d 580, 707 P.2d 1327 (1985). This requirement protects elected officials " 'from being subjected to the financial and personal burden of a recall election grounded on false or frivolous charges.' " *Wade*, 115 Wn.2d at 549 (quoting *Teaford*, 104 Wn.2d at 585). The person making the recall charges is not required to have firsthand knowl-

---

[3] RCW 29A.56.110 defines these terms as follows: "(1) 'Misfeasance' or 'malfeasance' in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty; (a) Additionally, 'misfeasance' in office means the performance of a duty in an improper manner; and (b) Additionally, 'malfeasance' in office means the commission of an unlawful act; (2) 'Violation of the oath of office' means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law."

edge of the facts but must demonstrate to the court that he or she knows of identifiable facts that support the charges. *Ackerson*, 143 Wn.2d at 373; *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 765, 10 P.3d 1034 (2000).

¶14 Furthermore, "an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law." *In re Recall of Reed*, 156 Wn.2d 53, 59, 124 P.3d 279 (2005) (citing *Kast*, 144 Wn.2d at 815; *Chandler*, 103 Wn.2d at 274). A school board's decision to close a school is a discretionary act. *Cole v. Webster*, 103 Wn.2d 280, 284, 692 P.2d 799 (1984).

¶15 In charge number two, Dawson contends that "the directors took no action to prevent closure of Martin Luther King Elementary School prior to a vote of the school board closing the school." Br. of Appellant at 5. The record shows that due to low student enrollment at both Martin Luther King Elementary School and T.T. Minor Elementary School, the school district administration decided to merge the programs and house both schools at T.T. Minor for the 2006-07 school year. This was not a school closure because Martin Luther King Elementary School was not "officially" closed as it was possible to reassign the programs to Martin Luther King Elementary School for the upcoming school year. Eventually, though, the directors did vote to close Martin Luther King Elementary School. Dawson's claim that the directors took no action to prevent the closure of Martin Luther King Elementary School prior to a board vote on the issue has no merit, the school not being closed until a proper vote was conducted.

¶16 In charge number three, Dawson contends that "the directors took no action to prevent the final selection of [Rainier View Elementary School] for closure prior to seeking preliminary public input prior to the issuance of the superintendent's final recommendation." Br. of Appellant at 6. Dawson asserts that a public hearing regarding the possible closure of Rainier View Elementary School was not held until after the superintendent made the initial recommendations regarding school closures and that the five

directors who are the subject of the recall petition took no action to prevent the untimely hearing. This charge is insufficient because there is no requirement that there be a hearing on schools included only on the superintendent's final recommendation for school closures. Furthermore, the directors held a hearing regarding the possible closure of Rainier View Elementary School on July 10, 2006, prior to the formal vote on closure, which was held on July 26, 2006. This gave the school directors sufficient time to consider information generated at the earlier hearing so that they could make an informed decision when the Rainier school closure vote took place.

¶17 Finally, as to charge number six, Dawson alleges that the school district sold the former Queen Anne High School property in violation of applicable laws regarding the sale of school property and that the five challenged directors took no action to prevent this from occurring. We first observe that Directors Chow and DeBell were not board members at the time referenced in charge six, making that charge legally and factually insufficient as to these two directors.

¶18 Aside from the mootness of this issue as to three of the challenged directors, there was no need for the directors to take action on the sale of the Queen Anne property. That property had been leased to Lorig Associates and Teutsch Partners in 1986. The agreement gave the lessees an option to purchase the property. The lessee exercised the option, and the school district's deputy general counsel concluded that the district was bound by the 1986 lease. The exercise of an option to purchase real estate creates a binding obligation on both buyer and seller. *Duprey v. Donahoe*, 52 Wn.2d 129, 135, 323 P.2d 903 (1958). The closing of the sale thereafter is simply the fulfillment of the obligations created by that contract. *Id.* In short, there was no action the board could take to stop the sale.

¶19 We conclude that the charges leveled in the recall petition are moot as to Directors Butler-Wall, Stewart, and Flynn and that the trial judge properly determined the

charges to be legally and factually insufficient. We, therefore, affirm the trial judge's decision.

C. JOHNSON, MADSEN, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

¶20 J.M. JOHNSON, J. (concurring) — Since recall of public officials is a Washington constitutional right, the use of public funding to oppose exercise of that right is normally unlawful. There are statutes forbidding governments such as the Seattle School District (District) from spending any public money or staff time opposing a recall. By allowing the District to intervene and oppose this recall, the trial judge allowed the District to accomplish the same end—likely with its limited taxpayer funds.[4]

¶21 Washington voters through Initiative 134 (I-134) have decided to prohibit government from spending public money on politics, whether the money is in the form of cash or public-employee time. RCW 42.17.128 forbids use of public funds to finance political campaigns, and RCW 42.17.130 prohibits the use "directly or indirectly" of public facilities or employee time to oppose a ballot measure, specifically including recall. RCW 42.17.020(4).

¶22 But attracting talent to local government is important enough that it is also policy to avoid unnecessarily subjecting members to some costs. Thus, RCW 4.96.041(3) sometimes allows the target of such recall to request representation in a determination of the recall petition's sufficiency and formulation of a fair title. *In re Recall of Pearsall-Stipek*, 129 Wn.2d 399, 402, 918 P.2d 493 (1996). To make sure such request is not just a veiled use of public funds to oppose the recall, the law requires both the local legislative body and the government attorney approve participation in the litigation. RCW 4.96.041(3). As noted below, a public official cannot approve such approval to benefit himself.

---

[4] The District's representation may have been pro bono, but the record does not support this conclusion.

¶23 Here, the District did not follow this procedure before it used (and continues to use) public money to intervene and oppose recall. The statute requires first getting a vote of a quorum of nonconflicted members of the board and then the District attorney approves. Obviously, any affected member, here a majority of the board, would be prohibited by conflict of interest law from authorizing a contract to his or her benefit (*see* RCW 42.23.030). The failure to get the required approval means any expenditure violates other law, especially provisions of I-134, now chapter 42.17 RCW, cited above. The District claims here it is not technically representing the members or that the interests diverge. The record here does not establish any factual determination that the interests actually diverge. *See* Order Granting Seattle School District's Mot. to Intervene. The trial judge had no discretion to allow the District to intervene.

¶24 The District claims that Eric Dawson assigned error to the intervention but did not argue it in his first appeal brief. RAP 10.3(a)(4); *see Ang v. Martin*, 154 Wn.2d 477, 487, 114 P.3d 637 (2005). We have discretion to decide an issue a party fails to argue in its initial brief, especially where, as here, the party raised it below and addresses it in a reply brief. *State v. Olson*, 126 Wn.2d 315, 323, 893 P.2d 629 (1995).

¶25 The District also rejoins that the case is moot because the election is over. This argument ignores the established exception to mootness for cases that have the capability of repetition but evading review. *De Funis v. Odegaard*, 84 Wn.2d 617, 628, 529 P.2d 438 (1974). Complaints over elections often fit neatly into this exception because by the time appeal is heard, the election is over. *Moore v. Ogilvie*, 394 U.S. 814, 816, 89 S. Ct. 1493, 23 L. Ed. 2d 1 (1969).

¶26 So the trial judge abused his discretion by allowing the District intervention. This error is not determinative in the litigation at hand. Citizens may recall their elected officials only for misfeasance, malfeasance, or violating the

oath of office. WASH. CONST. art. I, §§ 33-34; RCW 29A.56-.110. Closing and selling Martin Luther King Elementary School did not constitute this level of improper conduct.

¶27 We ought not turn a blind eye to a government's misconduct or misuse of limited taxpayer resources. Recall in Washington is not just a statutory right, but a constitutional right. WASH. CONST. art. I, §§ 33-34. When a government illegally spends tax money to oppose exercise of a constitutional right, there is an injustice of constitutional dimension. The courts must diligently guard against such violation. With that admonishment, I concur.

SANDERS, J., concurs with J.M. JOHNSON, J.

Reconsideration denied February 13, 2008.