**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 31, 2025

*[signature]*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 31, 2025

*[signature]*

SARAH R. PENDLETON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Recall of<br><br>RACHEL RUELAS, City of Mabton Mayor. | No. 103542-0<br><br>EN BANC<br><br>Filed: July 31, 2025 |

PER CURIAM—Rachel Ruelas, the mayor of the city of Mabton, appeals from a superior court order upholding two recall charges against her.[1] Clerk's Papers at 33-36 (Ord. re Sufficiency of Recall Charges and for Approval of Ballot Synopsis). Because this case is now moot, we dismiss the appeal and remand to the trial court with instructions to dismiss the recall petition as moot.

---

[1] This is the second recall case against Mayor Ruelas. In August 2024, Ruelas appealed the superior court's order upholding some of the first recall charges against her to this court. We dismissed Ruelas' appeal after she repeatedly failed to meet filing deadlines and failed to respond to our clerk's requests for information. *In re Recall of Ruelas*, 4 Wn.3d 565, 567, 565 P.3d 921 (2025). The recall petition proceeded to the signature-gathering stage, but the Yakima County elections division manager dismissed the petition as insufficient because the recall proponents submitted signatures past the six-month deadline stated in RCW 29A.56.150(1). *See* Letter from Kathy A. Fisher, Yakima County Elections Division Manager, to Sophia Sotello et al. (May 13, 2025), https://kimatv.com/resources/pdf/000c0064-ee37-4caf-8970-a9b4e3afa1f2-recallsignatures_Ruelas_determination.pdf [https://perma.cc/LQ43-8G7R].

"A case is moot if the appellate court can no longer provide effective relief." *State v. Enriquez-Martinez*, 198 Wn.2d 98, 103 n.1, 492 P.3d 162 (2021) (citing *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105 (1995)). This appeal is moot because, at this point, there is no possibility that the recall can move forward under the applicable statutory time limit stated in RCW 29A.56.150(1):

> The sponsors of a recall demanded of any public officer shall stop circulation of and file all petitions with the appropriate elections officer <u>not less than six months before the next general election in which the officer whose recall is demanded is subject to reelection</u>.

(Emphasis added.)

Mayor Ruelas has filed to run for reelection. The next general election for mayor of Mabton is in November 2025. That is less than six months away from today's date. As a result, Mayor Ruelas "is subject to reelection" in the November 2025 general election within the meaning of RCW 29A.56.150(1).[2] Therefore, even if we affirmed the superior court, the recall sponsors would be unable to comply with this statutory time requirement for gathering signatures and the recall issue would not be on the ballot in November. *See In re Recall Charges Against Seattle Sch. Dist. No. 1 Dir.*, 162 Wn.2d 501, 506 n.2, 173 P.3d 265 (2007). For the

---

[2] *Accord* Letter from Kathy A. Fisher, *supra*.

same reason, granting Ruelas the relief she seeks—dismissal of the charges—would have no real-world effect.[3]

We therefore dismiss this appeal as moot and remand to the trial court with instructions to dismiss the recall petition as moot.

---

[3] We note that should Mayor Ruelas be reelected, our constitution and recall statutes "'contemplate that officials may be recalled for misconduct during a prior term of office.'" *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 780, 10 P.3d 1034 (2000) (quoting *Janovich v. Herron*, 91 Wn.2d 767, 776, 592 P.2d 1096 (1979)).