**Electronically Filed
Supreme Court
SCAD-15-0000081
03-MAY-2016
08:11 AM**

SCAD-15-0000081

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

MICHAEL G.M. OSTENDORP,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NO. 10-057-8891)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

The February 18, 2015 report submitted to this court by the Disciplinary Board of the Hawai‘i Supreme Court, the exhibits appended thereto, the briefs submitted to this court, and the record in this matter, establish that Respondent Michael G.M. Ostendorp represented, from October 1, 2009 to October 7, 2009, four clients, Mr. K, an individual whose dogs had been seized by the Hawai‘i Island Humane Society (HIHS) pursuant to a search warrant, K's sister, R, a family trust, and a family partnership, and that the representation was both in relation to the seized dogs and to safeguard family assets, including assets located at

the property from which the dogs were seized.  The record also supports the conclusion that, on the morning of October 7, 2009, Respondent Ostendorp represented that he had a valid power of attorney and directed his legal assistant to make similar representations on four separate occasions, when, in fact, he did not possess a valid power of attorney until the next day, thereby committing one violation of Rule 8.4(c) of the Hawaiʻi Rules of Professional Conduct (HRPC) (1994) and four violations of HRPC Rule 5.3(c).

The record supports the conclusion that, by informing the Office of Disciplinary Counsel (ODC) by letter on October 13, 2011 that K was never his client, when the record contains clear and convincing evidence Respondent Ostendorp considered K his client from October 1 to October 7, 2009, and made such representations to third persons, Respondent Ostendorp again violated HRPC Rule 8.4(c).

Upon review of the record, however, we conclude ODC did not establish, by clear and convincing evidence, that Respondent Ostendorp could not reasonably conclude the interests of K, R, the family trust and the family partnership were sufficiently in convergence to simultaneously represent the parties as their attorney during the relevant period, insofar as both K and R were both aware of K's spendthrift habits and sought Respondent Ostendorp's counsel as to how best to protect the assets in

2

question. We therefore decline to adopt the Hearing Officer's violations of HRPC Rules 1.7(a) or 1.7(b).

Furthermore, we decline to adopt the violations found by the Hearing Officer of HRPC Rules 1.9(a), 1.9(b), 1.9(c), 1.15(g), 4.1(a), 5.3(a), and 5.3(b), because those violations could have been alleged in the original petition or the pre-hearing statement but were not. Cf. ODC v. Fernandez, SCAD-12-376, (February 14, 2013) (wherein this court found a violation of HRPC Rule 8.1(a) that was not alleged in the original petition, but was based upon clear evidence in the record and upon admissions made by the respondent attorney during the disciplinary hearings themselves). We conclude ODC failed, in its pre-hearing statement, to allege a violation of HRPC Rule 1.15(a)(2) with sufficient clarity to allow Respondent Ostendorp to mount an appropriate defense. See In re Ruffalo, 390 U.S. 544, 545-47 (1968).

We find, in aggravation, that Respondent Ostendorp had substantial experience in the practice of law, three prior disciplines,[1] and multiple violations in the present matter. We decline, however, to adopt the Hearing Officer's finding that K and R were vulnerable victims, concluding that neither individual

---

[1] The record reveals Respondent Ostendorp received a private informal admonition on September 23, 2004, a private informal admonition on December 5, 2006, and a public reprimand on June 28, 2012.

was particularly vulnerable or fragile.  See Florida Bar v. Ticktin, 14 So.3d 928, 938 (Fla. 2009); In re Disciplinary Proceedings Against Day, 173 P.3d 915, 920 (Wash. 2007); In re Disciplinary Proceeding Against Christopher, 105 Wash.2d 669, 682-83 (Wash. 2005).

We conclude that the record does not support the Hearing Officer's finding of a mitigating factor of remorse.  We also do not concur that the disciplinary proceedings were delayed to such a degree as to justify mitigating the contemplated discipline.  We further note much of the delay since submission of the Board's report to this court lies with Respondent Ostendorp.

In light of the above, we conclude a substantial period of suspension is warranted.  Therefore,

IT IS HEREBY ORDERED Respondent Ostendorp is suspended from the practice of law in this jurisdiction for a period of six months, effective 30 days after the entry date of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).  Respondent Ostendorp is reminded he may not resume the practice of law until reinstated by order of this court at the conclusion of this period of suspension, pursuant to RSCH Rule 2.17(b)(2).

IT IS FURTHER ORDERED, as recommended by the Disciplinary Board, that Respondent Ostendorp shall successfully

4

complete, within 365 days after the date of entry of this order and at his own cost and expense, an audit of his practice by the Practicing Attorneys' Liability Management Society (PALMS) or an equivalent program regarding his practice, particularly as to the proper receipt, maintenance, and disbursement of client funds under the Hawaiʻi Rules of Professional Conduct and the Hawaiʻi Rules Governing Trust Accounting. Respondent Ostendorp shall, within that 365-day period, submit to this court proof of completion of the audit, and of his compliance with the audit's resulting recommendations, or good cause for an extension. Though submission of the audit report is not a prerequisite to Respondent Ostendorp's reinstatement, Respondent Ostendorp is hereby notified that failure to complete the audit and submit proof within the deadline set by this court may result in a further period of suspension, upon a review of the entire record.

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawaiʻi, Respondent Ostendorp shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs by ODC, as prescribed by RSCH Rule 2.3(c).

IT IS FINALLY ORDERED that Respondent Ostendorp shall, within ten days after the effective date of his suspension, file with this court an affidavit he has fully complied with the

5

duties of a suspended attorney, as set forth in RSCH Rule 2.16(d).

DATED: Honolulu, Hawaiʻi, May 3, 2016.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna



/s/ Richard W. Pollack

/s/ Michael D. Wilson